ROBERT EDWARD ALLEN *v.* STATE
OF MARYLAND

[No. 321, Initial Term, 1967.]

*Decided October 31, 1967.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Stuart E. Hirsch,* with whom was *Nelson R. Kandel* on the brief, for appellant.

*Edward F. Borgerding, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Robert Baker* and *Malcolm Kitt, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Robert Edward Allen, the appellant, was convicted of larceny in a trial before the court in the Criminal Court of Baltimore, Judge Meyer M. Cardin presiding. Allen raises two questions:

"1. Was the arrest of the appellant and the seizure of the whiskey illegal?"
"2. Was there sufficient evidence to convict the appellant of larceny?"

On the morning of February 2, 1966, two men, Allen and a second man, were observed by policeman Milton Spencer. The second man was holding a paper bag. As Officer Spencer approached the two men, he overheard the second man direct Allen to get a taxicab. As Allen left, the second man placed the torn paper bag on the ground revealing to Officer Spencer bottles of gin and whiskey. When Allen returned, he denied any knowledge of the liquor and denied possession of it. At no time did Officer Spencer see Allen in actual possession and control of the paper bag. The policeman became suspicious after a fight almost erupted between the two men and placed them under arrest on suspicion of larceny. A subsequent check revealed that the liquor had been stolen, but this was not known by the officer at the time of the arrest.

. We need to discuss only the second issue. The conviction was based solely on the possession of recently stolen goods, *Anglin v. State,* 1 Md. App. 85, 227 A. 2d 364, but there was no evidence to support the proposition that Allen was ever in possession of the goods, either jointly with the second man, or otherwise. His mere presence was not sufficient for conviction, *Spencer v. State,* 1 Md. App. 264, 229 A. 2d 151.

*Judgment reversed and case remanded for a new trial.*