ALLEN RAY MINNICK *v.* STATE OF MARYLAND

[No. 253, September Term, 1967.]

*Decided April 30, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John G. Hennegan* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Robert A. DiCicco, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted in the Circuit Court for Baltimore County by Judge John E. Raine, Jr., sitting without a jury, of

receiving stolen goods, namely a 1966 GTO Pontiac belonging to Edward W. Hullings, Sr. He was sentenced to five years under the jurisdiction of the Department of Correction. On this appeal he contends that the court erred in admitting testimony and photographs relating to the stolen car on the ground that such evidence resulted from an illegal search and seizure.[1]

The evidence adduced at the trial showed that on Sunday morning, March 5, 1967 at approximately 10:00 a.m., Joseph Buckler had occasion to peek through a crack of a garage door in Baltimore City; that he saw three men inside hoisting a motor out of a white sport Corvair; that he heard them say, "You better watch the door because you can't tell who might be walking around here"; that he then called the police and shortly thereafter Officer Charles Cluster arrived on the scene. The evidence further showed that after Buckler told Officer Cluster about his observations, Cluster knocked on the garage door to find out "what violations they were committing, if any at all"; that three men then ran out through a small window in the rear of the garage, one of whom was later identified as the appellant; and that he pursued them with Buckler in his police car and shortly thereafter arrested the appellant.

After Cluster arrested the appellant, he returned to the garage and found one of the doors open. Without entering, Officer Cluster observed a GTO Pontiac which he knew to be on the "hot sheet" as a stolen car. He then entered the garage and discovered six cars in all, four of which were thereafter identified as having been stolen. Approximately forty minutes had passed from the time Cluster first began his pursuit of the fleeing men from the garage to the time when he returned to the garage. Cluster testified that the garage door appeared to him to have been forced open, although there was no evidence as to how the door was opened or who opened it. There was evidence showing that police cars had responded to this location when Officer Cluster requested assistance during the early phases of his chase of the appellant.

The evidence further showed that the appellant was the lessee of the garage but had sublet it to one Williams.

---

1. Harry Barker, Jr. was co-indicted with appellant for the crime. They were tried together and Barker was acquitted.

Appellant contends that the officers had no right to search the garage without a search warrant. The State contends that the evidence relating to the search of the garage was properly received in evidence on the theory that appellant had abandoned the premises when the police entered and that, under the circumstances, the search was lawful.

We think the evidence in question was properly admissible on the ground that no search was made in the constitutional sense when Officer Cluster, looking through the open door, observed the vehicle which he knew to have been stolen. In *St. Clair v. State,* 1 Md. App. 605, we noted at page 611 that a search within the ambit of Fourth Amendment protection implies some exploratory investigation, that a "search" in the constitutional sense implies an invasion and quest, a looking for or seeking out, a prying into hidden places for that which is concealed.

As heretofore indicated, Officer Cluster observed property known to him to be stolen while standing outside of the garage. At that point, he had probable cause to believe that a felony had been committed, namely the grand larceny of an automobile or the receiving thereof (over $100.00 in value) and that those fleeing the garage, one of whom was the appellant, had committed such crimes. Officer Cluster's entrance into the garage, therefore, did not constitute a trespass and his subsequent seizure of the Pontiac automobile was entirely lawful. As the evidence does not show that it was the police who forced the garage door open, we are unwilling to assume that such was in fact the case.

The question of the lower court's jurisdiction was also raised at the end of trial and by the appellant, *pro se,* on this appeal on the ground that since the offense of receiving stolen property occurred in Baltimore City, the Baltimore County Circuit Court was without jurisdiction to hear the case. We think the appellant waived objection to the venue of the offense in Baltimore County by failing to timely object thereto and by pleading to the charge. See *Lievers and McLean v. State,* 3 Md. App. 597.

*Judgment affirmed.*