## WILLIAM NORMAN RICHARDSON *v.* STATE OF MARYLAND

[No. 109, September Term, 1968.]

*Decided January 29, 1969.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Myles R. Eisenstein* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Thomas N. Biddison, Jr., Assistant Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *David R. Eaton, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant, William Norman Richardson, was convicted of breaking into a dress shop and stealing merchandise of a value in excess of five ($5.00) dollars by Judge William J. O'Donnell, sitting in the Criminal Court of Baltimore without a jury, and sentenced to serve six years in prison.

The principal State witness testified that on Sunday, May 7, 1967, at approximately 10:30 a.m., while looking out the window of her third floor apartment, which was across the alley from a dress shop in the four-hundred block of Charles Street in Baltimore City, she heard a noise and observed a man running from the direction of the rear of the building in which the dress shop was located. Immediately thereafter she saw him drive a car to the rear of the building, alight therefrom, and proceed toward the building. Shortly thereafter, she observed him and another individual, whom she identified as Richardson, come from the rear of the building carrying large bundles enclosed in what appeared to be sheets, enter the automobile and depart. She immediately contacted the police and gave them a detailed description of the automobile and the license number which she had recorded, as well as a description of the individuals. The police immediately entered the dress shop, found that it had been broken into and that merchandise of a retail value approximating six thousand ($6,000) dollars had been taken. When it was ascertained that the license number was issued for an automobile owned by Richardson's brother-in-law which automobile was in Richardson's possession at the time of the breaking and entering, a warrant was obtained for Richardson's arrest. Upon learning that the police were seeking him, Richardson went to the police station, admitted having the auto-

mobile at the time of the theft but denied participating therein, stating that he was with a woman companion from 8:00 p.m. the night before until 11:00 a.m. on the Sunday that the crime was committed.

In this appeal, it is contended that Richardson was denied his constitutional right to counsel, thus rendering inadmissible inculpatory statements given by him to the police and, secondly, that the evidence was legally insufficient to sustain his conviction. We are of the opinion that each contention is without merit.

During the course of the police officer's testimony in the trial below the following colloquy occurred between the court and Richardson's counsel:

CROSS-EXAMINATION
BY MR. EISENSTEIN:

Q   Officer Fosler, you stated that after warning the defendant, Mr. Richardson, of his rights, you had a conversation with him, is that correct?

A   That is correct.

Q   And will you tell us what he said to you, if anything?

THE COURT: Is there any cross-examination of the officer—

MR. EISENSTEIN: No, sir.

THE COURT:—on the admissibility?

MR. EISENSTEIN: No.

THE COURT: It is conceded, then, for the record, that there were no threats or violence or other coercion—

MR. EISENSTEIN: That is correct, sir.

THE DEFENDANT: Yes, sir.

THE COURT: Is that correct, Mr. Richardson? You make no contention that whatever you told the officer was said contrary to the law, or what was said was involuntary, is that right?

THE DEFENDANT: Yes, sir.

THE COURT: All right.

In view of the foregoing, it is apparent that both Richardson and his counsel clearly and unequivocally signified that the appropriate constitutional warnings had been issued and that the

statements were freely and voluntarily given. To now contend that the admission of the statements violates the mandate of *Miranda v. Arizona,* 384 U. S. 436, is sheer frivolity. It is true that *Miranda* requires that constitutional warnings be given to an accused as a prerequisite to the use of his in-custody statement and that the giving of such warnings will not be presumed from a silent record. But here, it is clear from the record that Richardson, while in the protective atmosphere of a concerned trial judge, affirmatively demonstrated that "he knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel * * *" as required under the terms of *Miranda.* We see no violation of his constitutional rights by the admission into evidence of his statements concerning his acknowledged possession of the car which was observed at the scene of the crime.

With respect to his contention that the evidence was legally insufficient to sustain his conviction, "the test is whether the evidence shows directly or supports a rational inference of the facts to be proved, from which the trier of fact could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged." *Williams v. State,* 5 Md. App. 450. Richardson argues that the State merely established his presence at the scene of the crime and that presence alone, although an important factor, is not legally sufficient to establish guilt. *Coleman v. State,* 4 Md. App. 386, 390; *Shifflett v. State,* 3 Md. App. 550, 553; *Allen v. State,* 2 Md. App. 298, 300. Here, however, the State has established much more than Richardson's presence at the scene of the crime for the State witness observed him actually carrying bundles from the rear of the building which housed the dress shop. Although the witness was unable to observe the appellant actually emerging from the doorway of the building because of the overhang of a roof it is perfectly clear that the trial judge could draw a rational inference from all the evidence that Richardson, beyond any reasonable doubt, was a principal participant in the breaking and entering and stealing from the dress shop. The weight of the evidence and the credibility of the witnesses was for the determination of the trial judge. *McRae v. State,* 3 Md. App. 388, 393; *Anderson v. State,* 3 Md. App. 362, 369; *Lucas v. State,* 2

Md. App. 590, 593. He was not required to believe the exculpatory testimony of the appellant. *Logan v. State,* 1 Md. App. 213. We think it is clear that the evidence was legally sufficient to sustain the conviction.

*Judgment affirmed.*