## STATE OF MARYLAND *v.* GORDON WILLIAMS

[No. 171, September Term, 1968.]

*Decided January 30, 1969.*

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Barrett W. Freedlander, Assistant State's Attorney for Baltimore City,* on the brief, for appellant.

*Milton B. Allen* for appellee.

THOMPSON, J., delivered the opinion of the Court.

On April 22, 1968, Gordon Williams' motion to dismiss an indictment for an armed robbery based upon an alleged lack of

a speedy trial was heard in the Criminal Court of Baltimore. The motion was denied, but on April 25, 1968 after two days of trial, the court reconsidered its prior ruling and granted the motion to dismiss. The State now appeals.

Williams was reindicted on June 1, 1966, for an armed robbery which occurred on September 19, 1964. A previous indictment had been dismissed at the request of Williams under *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475. The formal docket entries and notations on the indictment show that, prior to the trial which began on April 23, 1968, scheduled trials had been postponed seven times—six at the request of Williams' counsel and one at the request of the State. During this period Williams, in proper person, and by counsel, made several requests for a speedy trial. At the hearing below and on appeal Williams contends that the State's Attorney scheduled most of the trials in response to demands for a speedy trial and in bad faith because he knew that for one reason or another the case could not be tried at the times scheduled. There was no testimony or stipulation to this effect, however; nor indeed was there testimony or stipulation as to any facts. The hearing was conducted simply on arguments of counsel and the bare record. The trial judge granted the motion to dismiss, after denying it three days before, on the simple basis that 23 months had passed since the date of the indictment.

We do not think that this is a sufficient basis and therefore the order must be reversed. When we look at the record and ignore, as we must, facts alleged by counsel in argument, a trial was scheduled on an average of every three months during the entire period and six out of seven times the case was postponed at the request of Williams' counsel. On this record there is no denial of a speedy trial. In general see *Stevenson and Borum v. State,* 4 Md. App. 1, 241 A. 2d 174, *Hall v. State,* 3 Md. App. 680, 240 A. 2d 630 and authorities therein cited.

> *Order dismissing the indictment reversed and case remanded for further proceedings.*