## ALFONSO GRAHAM *v.* STATE OF MARYLAND

[No. 222, September Term, 1968.]

460

*Decided April 1, 1969.*

*Charles A. Reese* for appellant.

*James L. Bundy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Richard J. Kinlein, State's Attorney for Howard County,* and *Cornelius D. Helfrich, Assistant State's Attorney for Howard County,* on the brief, for appellee.

PER CURIAM.

Alfonso Graham, the appellant, was convicted of breaking a dwelling house with intent to steal by the Circuit Court for Howard County, Judge James Macgill presiding without a jury. He was sentenced to serve a term of five years. Graham contends that: (1) he was denied a speedy trial; (2) he was denied a preliminary hearing; (3) his arrest was illegal; (4) evidence seized as a result of the arrest should not have been admitted into evidence; and (5) the evidence was insufficient to support the conviction.

During the morning or early afternoon of March 14, 1967, two television sets were stolen from the home of Sarah Matthews

who resided in Elkridge, Maryland. On June 9, 1967, police officers arrested Graham at his home in Baltimore City under a warrant for a robbery that is not the subject of this appeal. They observed two television sets which met the description of the ones theretofore reported stolen from the home of Sarah Matthews. The police officers at that time seized the television sets, one of which bore the name of Sarah Matthews.

Graham first contends that he was denied a speedy trial. He was arrested on June 9, 1967, indicted on September 5, 1967, and tried on May 16, 1968. He requested a speedy trial on November 28, 1967 and February 27, 1968. During this period he was confined as a result of other charges. On March 21, 1968 Graham requested that his counsel appointed on December 21, 1967, be replaced. His request was granted and new counsel was appointed.

The only evidence offered to support the motion to dismiss the indictment because of the denial of a speedy trial was the two letters mentioned above. The question must therefore be decided on these two letters and the bare record, *State v. Williams*, 6 Md. App. 5, 249 A. 2d 503. Since the record does not show prejudice to Graham, nor that the delay was capricious, arbitrary or oppressive on the part of the state, we cannot say that there was a denial of a speedy trial. Under the circumstances disclosed the time lapse was not sufficient to support a *prima facie* denial. See authorities collected in *Harris v. State*, 6 Md. App. 7, 249 A. 2d 723.

Graham next contends that he was denied due process of law because he did not have a preliminary hearing. *Kardy v. Shook*, 237 Md. 524, 207 A. 2d 83 held that "there is no constitutional right thereto, [a preliminary hearing] in the absence of specific provision therefor." See also *Fabian v. State*, 3 Md. App. 270, 281-82, 239 A. 2d 100.

Graham contends that his arrest was illegal and that the evidence seized at the time of the arrest was improperly admitted into evidence. There was some conflicting testimony as to whether the warrant referred to above was actually read to Graham at the time of his arrest or whether he was merely informed of the warrant and the charges. One police officer testified that he did not read the warrant until they took him down

to the police station, but, however, that he had informed Graham at the time of his arrest of the charges and that he was holding the warrants in his hand. Another police officer testified that he did read the warrant at the time of the arrest. Under Maryland Rule 706(b):

> "A warrant shall be executed by the arrest of the person named therein. The officer making the arrest need not have the warrant in his possession at the time of the arrest, but in that case, he shall at that time inform the defendant of the offense charged and of the fact that a warrant has been issued, and shall show the warrant to the defendant as soon as possible."

If the testimony of either police officer is accepted there was a compliance with the rule. There was no obligation on the trial judge to accept contrary testimony by Graham or by his witness, *Hale v. State,* 5 Md. App. 205, 245 A. 2d 908.

The television sets were readily observed when the police officers entered the appellant's bedroom. They had knowledge of the breaking and entering of Sarah Matthews' apartment. On one television set Sarah Matthews' name was inscribed on the top of the set. "It is said if circumstances make an arrest lawful for one crime, there may be a reasonable seizure of goods in the possession or control of the one arrested, and a consequent right to use the goods so seized as evidence in a trial for a crime different from that which justified the arrest." *Gamble v. State,* 2 Md. App. 271, 276, 234 A. 2d 158. Furthermore, since the police were lawfully on the premises and they observed property which was known to them to be stolen they could thus seize this property, see *Minnick v. State,* 4 Md. App. 81, 84, 241 A. 2d 153.

Graham lastly contends the evidence was insufficient to support the verdict. He buttresses his contention by stating: (1) that the time limit was too long for his possession of the stolen goods to be recent; (2) that the goods were not in his exclusive possession; and (3) that he gave a satisfactory explanation as to how he obtained the goods. He testified that he had acquired the two television sets from one Richard Herbert as

collateral for payment of money he had loaned to Herbert. Herbert, it seems, was also the informer who went with the police the night of the arrest and identified the appellant.

The law is clear that the recent, exclusive possession of stolen goods creates an inference of fact that the possessor was the thief or the burglar and casts upon him the burden to give a reasonable explanation of how he came into such possession, *Sizemore v. State,* 5 Md. App. 507, 519, 248 A. 2d 417. Whether it is "recent" depends upon circumstances of each case and we find that two months in this particular case was recent, *Jones v. State,* 5 Md. App. 180, 185, 245 A. 2d 897 and cases therein cited. Assuming that the word "exclusive" adds anything to the rule, it like "recent" is a relative term and its meaning as applied to each case will vary with the circumstances of that case, *Boswell v. State,* 5 Md. App. 571, 578-79, 249 A. 2d 490. In this case the goods were found in Graham's bedroom, except for his wife, no one else could have been in possession. Possession may be joint; so that if his wife was involved the goods could still have been in his exclusive possession, *Boswell v. State, supra.* The court is under no obligation to believe the story of the appellant, *Hale v. State, supra.* The credibility of the witnesses is a matter for the trier of fact. *Jones v. State, supra, Richardson v. State,* 5 Md. App. 719, 722, 249 A. 2d 508.

*Judgment affirmed.*