## PURNELL FOX STREAT *v.* STATE OF MARYLAND

[No. 166, September Term, 1970.]

*Decided April 1, 1971.*

The cause was argued before MURPHY, C.J., and ANDERSON and MORTON, JJ.

*J. Seymour Sureff* for appellant.

*John P. Stafford, Assistant Attorney General,* with

whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Anton J. S. Keating, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The appellant, Purnell Fox Streat, was convicted of murder in the first degree and robbery with a deadly weapon by a jury in the Criminal Court of Baltimore. As the verdict of the jury with respect to the murder charge was returned with the qualification "without capital punishment", appellant was sentenced to life imprisonment for that crime. A concurrent sentence of twenty years imprisonment was imposed by the court on the armed robbery conviction.

The record indicates that at approximately 11:15 a.m. on June 17, 1969, Basil Silsley was found lying wounded on the floor of his jewelry store in the 2000 block of North Charles Street. The victim died a few hours later from what the medical examiner's report described as a "gunshot wound of the head which perforated the brain." According to the victim's brother, "it appeared that about two trays of rings were missing, and on one end of the shelf maybe two boxes of watches were missing."

In this appeal appellant raises the following contentions:

  (I)  "The trial judge should have granted the motion to suppress evidence taken in the search of the dwelling 306 East 26th Street without a warrant."

  (II)  "A conviction may not rest upon testimony of an accomplice unless corroborated by other evidence."

  (III)  "That the testimony of Melvin Rawls was contradictory and not subject to belief."

  (IV)  "That the testimony was insufficient to justify a conviction of robbery and murder."

As contentions II through IV all question the legal sufficiency of the evidence to sustain appellant's convictions, these contentions will be discussed together.

## I.

The record indicates that on July 3, 1969, appellant was arrested as an escapee from the Maryland House of Correction. The next day the police searched the premises at 306 East 26th Street and found a small jeweler's merchandise tag in a shopping bag, which appellant had brought onto the premises a few days before. It is this tag and shopping bag which were the subject of appellant's motion to suppress.

At the hearing on the motion to suppress, which was held on the day of trial out of the hearing of the jury, Miss Jo-Ann Ross testified that she and her mother rented the house at 306 East 26th Street and that on July 4, 1969, both of them signed consent to search forms and accompanied the police in a search of the house. According to the witness, she was the appellant's girl friend and he often spent the night in the house. Approximately three days prior to appellant's arrest, however, he asked Miss Ross if he could move into the house until he could get "a place of his own." After permission was obtained from Miss Ross's mother, the appellant moved in, bringing with him the seized shopping bag full of clothes. Miss Ross related the details of the discovery of the tag in the shopping bag, which was in the cellar of the house, and stated that the bag was empty, except for the tag, when the police found it because she had taken the clothes to the cleaners.

At the completion of Miss Ross's testimony, the State and counsel for appellant stipulated that if called to testify on the issue of the search of 306 East 26th Street, Miss Ross's mother, Mollie Ross, would testify to substantially the same facts as her daughter.

In this factual posture, the trial judge found that the tag and shopping bag were properly admissible because they were discovered after consent to search the house

was obtained from Mollie Ross and her daughter, Jo-Ann. We agree.

Assuming, without deciding, that appellant was a co-tenant and not merely a guest in the Ross home, this status, of itself, does not make impermissible the warrantless search of the premises. This Court has held that the consent of one co-tenant may validate a warrantless search of jointly occupied premises. Evidence obtained by such search may be introduced against the other co-tenant who was not present on the premises at the time of the search and whose permission to conduct the search had not been sought or obtained. *Chandler v. State,* 7 Md. App. 646. Here, the appellant was not on the premises at the time of the search (in fact he was in jail) and there was no evidence that he interposed any objection to the search. Cf. *Dorsey and Gladden v. State,* 2 Md. App. 40. Under the circumstances, we find no merit in appellant's contention that the tag and shopping bag seized from the Ross premises should have been excluded from evidence as the fruits of an illegal search.

## II, III and IV.

In every criminal case the defendant is presumed innocent until proven guilty and the burden is on the State to prove the accused's guilt beyond a reasonable doubt. This Court will not disturb a jury's verdict on the evidence if the evidence adduced at trial either shows directly, or supports a rational inference of the facts to be proved from which the jury could be fairly convinced, beyond a reasonable doubt, of the accused's guilt of the offense charged. *Williams v. State,* 5 Md. App. 450. And in applying this rule, no distinction is made between a case where there is direct evidence of guilt and a case where the evidence is circumstantial. In either case, the trier of fact must be convinced beyond a reasonable doubt. *Metz v. State,* 9 Md. App. 15; *Nichols v. State,* 5 Md. App. 340, 350.

The record reveals that when appellant was arrested, he had in his possession a brown paper bag containing

eight rings, a watch and a small can of alphabetical letters used on initial rings. Each of the rings had attached to it a small tag containing certain handwritten identifying words and numbers. The victim's wife and brother both testified that the handwriting on the tags attached to the rings was that of the victim and that the numerical code on the tags was the same code as used by the victim. In addition, the brother of the victim stated that it is customary in the jewelry business to remove the identifying tag from merchandise at the time it is sold. The small tag found in the shopping bag at the Ross home was identified by both witnesses as containing the victim's handwriting and the same code used on the other tags.

From this evidence, the jury could properly conclude that appellant was in exclusive possession of the goods stolen in the robbery and that his possession of the goods sixteen days after the crime constituted "recent" possession. *Jones v. State*, 5 Md. App. 180, 185. This being so, the jury could properly conclude that appellant obtained the goods in the course of the armed robbery for it is well established that in the absence of an acceptable or satisfactory explanation, a factual inference may be drawn from the exclusive possession of recently stolen goods that the possessor is the thief. *Brown v. State*, 8 Md. App. 224. In an attempt to explain his possession of the goods, appellant testified that he received them from a narcotic addict in exchange for supplying the addict with some heroin. Whether this explanation was a credible one was for the jury to decide and in light of appellant's prior criminal record, the jury was certainly under no obligation to believe his testimony. *Graham v. State*, 6 Md. App. 458, 463. We find, therefore, that the evidence was legally sufficient to convince the jury that appellant had perpetrated the robbery and that in the course of the robbery he had shot and killed the victim.

It is apparent that the testimony of Melvin Rawls to the effect that appellant had expressed an intent to rob the victim's store and had gone to the store sometime during the latter part of May to "look the place over", was

merely cumulative with respect to the issue of the legal sufficiency of the evidence. Corroboration of this testimony was not required to sustain the convictions for they do not rest on this testimony alone and had the jury chosen to disbelieve Rawls's testimony entirely, the convictions would still be supported by legally sufficient evidence. Accordingly, appellant's second and third contentions are without merit.

*Judgments affirmed.*