GENE WILSON COLLINS, KENNETH DEAN JONES
AND BRUNO HUNTER *v.* STATE
OF MARYLAND

[No. 437, September Term, 1977.]

*Decided April 12, 1978.*

The cause was argued before THOMPSON, MASON and COUCH, JJ.

*Irwin Brown, Assigned Public Defender,* for appellants.

*Gilbert H. Robinette, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Richard D. Warren, State's Attorney for Wicomico County,* and *Robert A. Eaton, Assistant State's Attorney for Wicomico County,* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

Gene Wilson Collins, Kenneth Dean Jones and Bruno Hunter, appellants, were jointly tried and convicted at a bench trial in the Circuit Court for Wicomico County of armed robbery. The testimony adduced at trial, partially through five eye-witnesses, established that on December 27, 1976, Appellants Jones and Hunter, one of whom was armed with a pistol, entered and robbed Banks Convenience Store. Appellant Collins, prior to the robbery, had "cased" the store and during the actual holdup was outside acting as a lookout.

On appeal appellants contend:

I. That the State did not establish that the warrantless search of their residences was freely and voluntarily consented to by persons authorized to do so.

II. That the trial court erred in admitting certain hearsay statements.

## I.

According to the evidence, the police conducted a warrantless search of each appellant's residence and each search produced incriminating evidence that was either introduced or testified to at trial. A police officer testified that Appellant Collins's stepfather and mother consented to the search of their home; that Appellant Hunter's stepfather

consented to the search of his home; and that Appellant Jones's girlfriend consented to the search of her apartment.

Appellants contend that the State failed to prove that these consents were freely and voluntarily given, and that the persons consenting had the authority to do so. Specifically, appellants argue that the police officer's testimony regarding the consents was hearsay; and thus, "effectively prevented appellants from scrutinizing the totality of circumstances underlying the consent to search their residences."

Appellants Collins and Hunter did not object to the police testimony concerning the consents to search, nor did they object to the legality of the searches. Accordingly, this question as to Appellants Collins and Hunter was not properly preserved for appellate review. Maryland Rule 1085.

Appellant Jones did object to the search, however, on the grounds that the State had not adequately shown that his girlfriend had the authority to consent. The police officer testified that he went to the apartment where he knew Jones was living. Jones was present at the apartment along with Ms. Ambrosia Dennis, who stated that the apartment was hers. She was advised of her right to refuse to consent to a search and was told the reason the police wished to search the apartment. Ms. Dennis signed a consent form allowing the police to search her apartment. This search yielded a pistol, that was identified as being similar to the one used by the holdup men, and some money hidden in a baby's shoe. Ms. Dennis did not testify at trial, and Appellant Jones did not contradict the officer's testimony as to Ms. Dennis's assertion that it was her apartment.

Appellant Jones concedes that a girlfriend, in the status of a co-tenant, may consent to a search. *Streat v. State,* 11 Md. App. 543, 547 (1971). Nevertheless, he contends that the officer's hearsay testimony was inadmissible to establish her authority to consent to the search. It is clear that the officer's testimony on this matter was hearsay; however, the formal rules of evidence do not govern the evidence that can be used in resolving preliminary fact questions concerning the admissibility of evidence. *United States v. Matlock,* 415 U. S. 164 (1974); *United States v. De La Fuenta,* 548 F. 2d 528,

532-33 (5th Cir. 1977); *Duncan and Smith v. State,* 27 Md. App. 302, 305 (1975), *rev'd on other grounds,* 276 Md. 715 (1976).

In *Matlock,* a warrantless search of the defendant's bedroom was conducted. At the suppression hearing, the government sought to prove that consent to search had been given by a woman who lived in the same house as the defendant. The preliminary fact question to be determined was whether the woman and the defendant exercised sufficient joint control over the bedroom as to make her consent valid. The trial court refused to consider the woman's statements to the searching officer that she and the defendant both occupied the bedroom and slept together there. Although recognizing that the statement was hearsay, the Supreme Court nevertheless held that the trial judge should have received and considered it in determining whether the woman's consent was valid, and stated:

> There is, therefore, much to be said for the proposition that in proceedings where the judge himself is considering the admissibility of evidence, the exclusionary rules, aside from rules of privilege, should not be applicable; and *the judge should receive the evidence and give it such weight as his judgment and experience counsel.* (Emphasis supplied).

415 U. S. at 175.

Therefore, in the present case, the police officer's testimony as to Ms. Dennis's authority to consent to the search was admissible on the preliminary issue of authority. Given the admissibility of Ms. Dennis's statement and the absence of any evidence that she lacked authority to consent to the search, we find the evidence was legally sufficient to permit the admission of the items found as a result of that search.

## II.

Appellants also object to two other sets of hearsay statements. One police officer testified as to the descriptions

of the robbers he received from witnesses at the scene. Another officer testified that one Sam Jones, a cab driver and also Appellant Hunter's stepfather, informed him: that he heard about the robbery on his cab radio; that Hunter and Collins fit the description broadcast; that his .38 caliber revolver had been stolen; that he suspected Hunter of stealing it; and that he had picked Hunter and Collins up in his cab near the robbery scene and had taken them to Hunter's home.

The trial judge specifically admitted this testimony solely for the purpose of establishing probable cause to arrest, in the event that question would arise later in the trial. Hearsay evidence of this nature is admissible to prove probable cause to arrest, though it is not admissible on the question of the guilt or innocence of the defendant. *Purvis v. State,* 27 Md. App. 713, 719 (1975). The trial judge noted the specific and permissible purpose for which he admitted the testimony, and appellants did not challenge his reason.

A trial court is presumed to be able to factor out evidence not to be considered in determining guilt or innocence when it makes its decision on that issue. *State v. Hutchinson,* 260 Md. 227, 231-34 (1970); *Chenault v. Director,* 28 Md. App. 357, 361 (1975). We, therefore, find no error in the admission of the hearsay statements.

*Judgments affirmed.*
*Costs to be paid by appellants.*