# Orr v. The State.

*Indictment for larceny, and receiving stolen property.*

| | |
|---|---|
| 107 | 35 |
| 108 | 574 |
| 107 | 35 |
| 113 | 109 |
| 107 | 35 |
| 116 | 453 |
| 117 | 79 |
| 107 | 35 |
| 133 | 150 |

1. *Election by State when indictment joins larceny and receiving stolen property.*—Where an indictment charges larceny in one count, and receiving stolen goods in another, the state will not be required to elect on which count it will try defendant.

2. *Witness cannot be impeached on immaterial matters.*—On a criminal trial, a witness for the state cannot be impeached by proving contradictory statements by him out of court as to immaterial matters.

3. *Additional instruction after jury retires.*—When a jury has been out, considering a verdict, and returns into court for additional instruction, the parties have the right to be present and may reserve exceptions to the additional instruction as if the jury were being originally charged, and may, also, ask for explanatory charges, if the instruction given is of such a nature as to require an explanatory charge.

4. *Possession of stolen property must be recent and unexplained to authorize inference of guilt.*—On a trial for larceny, an instruction that

"the recent possession of stolen property is prima facie evidence of guilt. * * If a man is found in possession of a stolen horse, and cannot explain how he came into that possession, the law presumes it was stolen, and casts on the person the onus of explaining that possession," is erroneous, as the possession must be both recent and unexplained, and, even then, it is only evidence from which guilt may be inferred.

5. *Unexplained possession, alone, not sufficient to authorize presumption that property was stolen.*—The unexplained possession of property does not raise the presumption that the property was stolen; there must be other evidence of the *corpus delicti,* and when that has been shown, and the stolen property, soon after the offense, is found in the possession of a person who is unable to give a satisfactory explanation of his possession, then the jury are authorized to infer his guilt.

6. *Charge as to recent unexplained possession of stolen property.*—On a trial for larceny, a charge that "the recent unexplained possession of stolen property is evidence of guilt, and if the jury believe that the property was not stolen by defendant he is not called on to explain its possession," was properly refused.

APPEAL from the City Court of Talladega.

Tried before the Hon. JOHN W. BISHOP.

The appellant, Whit Orr, was indicted for larceny from a storehouse, and for receiving stolen property. The indictment contained three counts; the first two charging larceny, and the third charging defendant with receiving stolen property, knowing the same to have been stolen.

The evidence introduced on behalf of the State tended to show that the defendant had stolen certain articles of merchandise from the store of one Mike Mireno; and another phase of the State's testimony tended to show that one Joe Lewis stole the property and delivered it to defendant to keep for him, and that the defendant received the property and concealed it under his house where it was found by officers. Upon the cross examination of Mireno, the owner of the store from which the property was stolen, and who was a witness for the State, the defendant's counsel asked the witness: "If he did not say to Henry Headen, a few days after the larceny in his store, in the city of Talladega, that it was the skinny headed boy who stole the goods?" The State objected to this question on the grounds, (1), that it called for immaterial and incompetent testimony; (2), that it sought to contradict and impeach the witness Mireno on an immaterial matter. The court overruled

[Orr v. The State.]

the objection. Upon the examination of the said Henry
Headen, he was asked by the defendant's counsel "If
Mike Mireno did not state to him in Mireno's store, in
the city of Talladega, a few days after the larceny, that
it was the skinny headed boy who stole the goods?"
The State objected to this question on the same grounds
interposed to the question asked the witness Mireno;
the court sustained the objection, and the defendant duly
excepted. The testimony for the defendant tended to
show that the defendant did not commit the larceny;
but that after the larceny, the defendant was with Joe
Lewis who had the stolen articles in a basket.

During the examination of the State's witnesses, the
defendant moved the court to compel the State to elect
for which crime charged in the indictment it would
prosecute the defendant, and duly excepted to the court's
overruling his motion. After the introduction of all the
evidence, the defendant again moved the court to require
the solicitor to elect for which offense charged in the in-
dictment he would seek a conviction; but the court
overruled this motion, and the defendant duly excepted.
The rulings of the court on the charges are sufficiently
stated in the opinion.

WELLINGTON VANDIVER and WHITSON & GRAHAM, for
the appellant.

WM. C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of lar-
ceny from a storehouse. The indictment contained
three counts, the first two charged the defendant with
grand larceny, and the third with the offense of receiv-
ing stolen property. Neither before nor after the evidence
had closed did the defendant have the right to require
the State to elect for which of the offenses charged, it
would prosecute. A careful solicitor should always
frame the indictment with as many counts as may be
necessary to meet the different phases the evidence may
assume. Embezzlement and larceny, burglary and lar-
ceny, larceny and receiving stolen property, and offenses
of like character may properly be joined in separate
counts in the same indictment, and where larceny has
been effected by means of a burglary, it is not improper

to charge the larceny in the same count with the burglary. The object in such prosecutions is not to convict the defendant of distinct offenses, but of the single offense established by the evidence. The rule is clearly stated in the case of *Bishop v. The State*, 30 Ala. 34, and in Bishop on Criminal Procedure, Vol. 1, § 457, the author specially states, that the joinder of larceny and receiving stolen property in separate counts does not present a case for the doctrine of election.—*Bowen v. The State*, 17 So. Rep. 335; *Gordon v. The State*, 71 Ala. 315.

The law is well settled that a witness cannot be impeached by proving contradictory statements in regard to matters which are immaterial. There was no error in refusing to permit the defendant to prove by the witness Henry Headen, that the witness Mireno had said to him that the ''skinny headed boy had stolen the goods.'' The objection of the solicitor to the predicate for the purpose of asking this question should have been sustained, but as the erroneous ruling was at the instance of the defendant, it is not available error to him.

When a jury has been out considering a verdict, and returns into court for additional instruction, the parties have the right to be present, and may reserve exceptions to the additional instruction as if the jury were being originally charged. Either party may also ask for explanatory charges, if the charge given is of such character as to require an explanatory charge. We are of opinion there was error in the charge of the court given to the jury on its return for additional instruction. As a whole it is not clear. There seems to have been some words omitted, but we must deal with the charge as it appears in the record. It is as follows: ''Gentlemen of the jury, the recent possession of stolen property is *prima facie* evidence of guilt. I will illustrate it to you; if a man is found in possession of a stolen horse and cannot explain how he came into that possession the law presumes it was stolen, and casts on the person the *onus* of explaining that possession.'' We suppose the charge was intended to assert, ''the law presumes it was stolen'' *by him;* the words ''by him'' are omitted. In the illustration given, the word ''recent'' or some equivalent word is omitted, and in the main proposition the word ''unexplained'' is omitted. It is only in cases

[Orr v. The State.]

where the possession is "recent" after the larceny, that the law authorizes a presumption of guilt. Whenever there is evidence tending to explain the possession, it is error to charge the jury "that recent possession of stolen property is *prima facie* evidence of guilt" without the qualification "unexplained." The words "may be" should be used in the place of the word "is." It is the "unexplained" recent possession of stolen property that authorizes the inference of guilt. Whether the explanation offered is credible or satisfactory is a question for the jury. In the case at bar, there was evidence tending to show that Joe Lewis was the thief, and that the defendant received the property from him.

The unexplained possession of property does not raise the presumption that the property was stolen. There must be other evidence of the *corpus delicti*. When this has been shown, and the stolen property, soon after the offense, is found in possession of a person who is unable to give a satisfactory explanation of his possession, then the jury are authorized to infer his guilt. We are aware in some courts, it is held that the unexplained possession of property recently stolen as matter of law raises a presumption of guilt from the circumstance, but our opinion is, the best considered cases, and it is the safest rule, to leave it with the jury to say, whether the unexplained possession of goods recently stolen, satisfies them beyond a reasonable doubt of the guilt of the defendant. This was the rule declared in *Underwood v. The State*, 72 Ala. 220.

The court did not err in refusing the explanatory charge requested by the defendant. The charge is in the following language : "The recent unexplained possession of stolen property is evidence of guilt, and if the jury believe that the property was not stolen by the defendant, he is not called upon to explain his possession." The charge postulates that the property had been stolen. The effect of the charge was to exclude from the jury, the consideration of the unexplained possession in determining whether the defendant was the thief. If the evidence, independent of his possession, was sufficient to establish the guilt of the defendant, there would be no necessity for considering the fact of possession. It is the inability to explain the possession of property recently stolen, that authorizes the presump-

[Miller v. The State.]

tion of guilt., and the effect of the charge was to exclude from the jury the consideration of this fact, until they were otherwise satisfied of his guilt.

For the errors pointed out the case must be reversed. Reversed and remanded.