(94 South. 256)

### WOOD v. STATE.   (3 Div. 432.)

(Court of Appeals of Alabama.   June 20. 1922. Application for Rehearing Dismissed Oct. 24, 1922.)

**1. Criminal law ⬉1036(2), 1054(1)—Rulings allowing witness to refresh recollection, not objected or excepted to, not reviewed.**

The Court of Appeals will not review alleged error in permitting a witness to refresh his recollection as to articles alleged to have been stolen, where no objection was made to the questions, or to reading the list of articles from the bill until it was read to the jury, and defendant's objection to reading from the bill anything except the property alleged to have been stolen was sustained, and no exception was reserved.

**2. Burglary ⬉31—Criminal law ⬉1169(5)—Receiving stolen goods ⬉8(2)—Testimony that conductor, in sole control of freight car when seal was broken, lived with defendant, in whose possession the property stolen was found, admissible; but, where evidence was excluded by instructions, defendant left without exception.**

In a prosecution for burglary and receiving stolen property, in which there was evidence that a part of the stolen property was found in the recent possession of the defendant, and that such property had been stolen from a freight car after the seal thereof had been broken, testimony that a certain person was the car conductor, who had sole control of the car at the time the seal had been been taken off, and that such person lived in the same house with defendant near the railroad yards, held admissible; but where the court, by instructions, excluded this testimony from the jury, defendant was left without exception.

**3. Receiving stolen goods ⬉8(3)—Proof that somebody stole goods sufficient to establish corpus delicti.**

In a prosecution for receiving stolen property, proof of the corpus delicti does not depend on the place from whence the goods were stolen or, on who stole the goods, but mere proof that goods were stolen by somebody is sufficient.

**4. Burglary ⬉42(3)—Receiving stolen goods ⬉8(3)—Evidence held to sustain conviction.**

Recent unexplained possession of some of the stolen goods, coupled with character of merchandise, unusual manner in which they came into defendant's possession, his evasive statements, together with surrounding circumstances and proof of corpus delicti, held to sustain conviction for burglary and for receiving or buying stolen goods.

On Application for Rehearing.

**5. Criminal law ⬉1133—Application for rehearing dismissed on appellant's escape from custody.**

Application for rehearing will be dismissed, on appellant's escape from custody pending the hearing of appeal.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Walter Wood was indicted in two counts, charging him with burglary and receiving stolen property. There was general verdict of guilty, on which judgment was rendered, and defendant appeals. Affirmed.

The burglary was of a railroad freight car. It appears that the Naftel Dry Goods Company, of Montgomery sold certain merchandise to B. W. Moncrief; that these goods were packed in a box and consigned to the purchaser at Prattville; that the box or package was loaded in a freight car by the Mobile & Ohio Railroad Company; that the car was sealed; and that one McQueen, as yard conductor, had charge of it until it was put into an outgoing train. It further appears that report of the robbery of the freight car in question was made to the police, who found certain of the stolen property in the possession of the defendant and of said McQueen, who lived in the house with defendant. The stolen property was identified by witness Naftel, a member of the wholesale firm, and by witness Moncrief, the purchaser, as a part of the shipment made by the Nafter Company to Moncrief.

Evidence for the defendant tended to show that he purchased the property in question from a negro. During his argument to the jury, the solicitor made the following remarks, to which defendant objected:

"Do you know how he got that property?"
"He broke that seal, and got that goods, aided by an engineer."

Brassell, Brassell & Brassell and S. H. Dent, Jr., all of Montgomery, for appellant.

It was error to allow Naftel to testify as to a memorandum, not made by him and not shown by him to be accurate and correct according to his own knowledge. 63 Ala. 498,

35 Am. Rep. 54; 168 Ala. 658, 53 South. 241. It was error to admit evidence that McQueen was yard foreman of Mobile & Ohio Railroad and lived in the house with defendant. 106 Ala. 1, 17 South. 328.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. There were many objections and exceptions reserved during the trial, many of which are clearly without merit, and while we have read and considered them, as the law requires, it will serve the purpose of this appeal to treat only such exceptions as have been specifically pointed out in brief of counsel, who have therein presented every question of merit.

[1] It is here insisted that the court erred in permitting the witness Naftel to refresh his recollection as to certain articles of merchandise alleged to have been sold to one Moncrief, and from which package a part had been stolen; but no objection was made to the questions eliciting this testimony, or to the reading of the list of articles from the bill, until after it had been read to the jury, and the defendant objected to the witness reading from the bill anything other than the property alleged to have been stolen, and this objection of defendant was sustained by the court, and no exception is reserved to any ruling of the court pertaining to this evidence. There is, therefore, nothing for this court to review.

The argument of the solicitor as to how defendant came into the possession of the articles found in his store was not the statement of a fact outside the record, but was based upon his conclusions drawn from the evidence.

[2] That one McQueen was the yard conductor, who had charge of the making up of the train, in which was the car from which the goods were stolen; that he could move them to any place he chose; that McQueen had sole control of the car at a time when the seal theretofore affixed had been taken off, so that the door could be opened; that McQueen lived in the house with defendant near the railroad yards—might well have been left in as a part of the evidence in the case, in view of the fact that a part of the stolen property was found in the recent possession of defendant; but the court in his general charge to the jury, by explicit and ample instructions, excluded this testimony from the jury, thereby leaving defendant without exception.

[3] We think there is sufficient evidence to go to the jury as to whether the goods stolen were taken from the railroad freight car, but whether that is so or not is not material to a conviction under the second count of the indictment. Under that count, the proof of the corpus delicti does not depend upon the place from whence the goods were stolen, or who stole them. That they were stolen by somebody is all that is required to establish the corpus delicti, and there was ample evidence for this purpose. Leverett v. State, ante, p. 578, 93 South. 347.

[4] The corpus delicti having been proven, the recent unexplained possession of some of the stolen goods coupled with the character of the merchandise, the unusual manner in which they came into his possession, his evasive statements concerning them, together with the attending surrounding circumstances, were sufficient facts upon which, to predicate a verdict of guilt.

We find no reversible error in the record. Let the judgment be affirmed.

Affirmed.

On Application for Rehearing.

PER CURIAM. [5] It having officially been made to appear to this court that this appellant, pending the hearing of this appeal, has escaped from legal custody, and is now a fugitive from justice, this application for rehearing, by him, is therefore dismissed.

Application dismissed.