63 So.2d 289

### HOGGLE v. STATE.

2 Div. 841.

Court of Appeals of Alabama.

Feb. 17, 1953.

O. S. Burke, Greensboro, for appellant.

Si Garrett, Atty. Gen. and Wm. H. Sanders, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The indictment in this case charges in the first count the larceny of a cow and in the second count buying, receiving, or concealing the animal. Title 14, §§ 331 and 338, Code 1940.

The trial resulted in a judgment of conviction as charged in the second count.

According to the undisputed evidence, H. P. Davis missed the cow in question from his pasture or enclosure and later found it in the possession of Dorman Payne. The latter person testified that he bought the cow from the defendant. He gave a check for $100 as purchase price.

 The court overruled appellant's objection to the introduction of the check. This related to the res gestae of the offense charged in the indictment.

In any event, there was no dispute in the evidence about this transaction. Stallings v. State, 249 Ala. 1, 32 So.2d 233; Garrett v. State, 33 Ala.App. 168, 31 So. 2d 151.

Eddie Kelly, who worked as a hired hand for Davis on the latter's dairy farm,

testified that the defendant came to the farm and proposed a plan for the witness to steal the cow and deliver same to him. The proposal was accepted and the delivery was made. Appellant gave Kelly $12 at the time.

The fact that Kelly was an accomplice was established without question.

The defendant did not testify in his own behalf.

An inquiry for decision is whether or not the testimony of the admitted accomplice was sufficiently corroborated to meet the requirements of the rule. Title 15, Sec. 307, Code 1940.

It has long been the rule in this jurisdiction that recent possession of stolen property by the accused places upon him the burden of explaining this possession and if he fails to make a reasonable explanation a presumption of guilt arises that will support a conviction. Jordan v. State, 17 Ala.App. 575, 87 So. 433; McFarling v. State, 35 Ala.App. 191, 45 So. 2d 322.

Unquestionably the evidence of the admitted accomplice was sufficiently corroborated and the defendant was not due the general affirmative charge for failure of proof in this aspect. Jones v. State, 35 Ala.App. 89, 44 So.2d 18; Thomas v. State, 26 Ala.App. 405, 161 So. 264; Hodge v. State, 32 Ala.App. 283, 26 So.2d 274, and cases cited therein.

On several occasions, while the introduction of the evidence was in progress, the court ruled against the position of appellant. However, counsel failed to except to these rulings. Tucker v. State, ante, p. 311, 55 So.2d 365; Bryant v. State, ante, p. 83, 52 So.2d 403.

There was an exception reserved when the court permitted the introduction of the check. The propriety of this ruling has had our attention herein above.

Written instruction numbered 3, refused to the defendant, is in effect the general affirmative charge. It is evincingly clear that the appellant was not due this instruction.

Charge X is abstract. There is no evidence that the defendant restored the property to its owner after he learned it had been stolen. Even so, the accused could not exculpate himself from the charged offense by simply making restoration.

In preparing this opinion we have not had the aid of brief from appellant's attorney.

As the law demands, we have given careful and studious consideration to each question presented for our review.

The judgment below is ordered affirmed.

Affirmed.