GEORGE MATTHEW GAMBLE v. STATE OF MARYLAND

[No. 334, Initial Term, 1967.]

*Decided October 24, 1967.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Andrew W. Starratt, Jr.,* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Frank A. De-Costa, Jr., Assistant Attorney General,* and *William A. Linthicum, Jr., State's Attorney for Montgomery County,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

Appellant was convicted of grand larceny by a jury in the Circuit Court for Montgomery County and sentenced to a term

of eight years imprisonment. He urges on this appeal from that judgment that six errors were committed at the trial, each separately necessitating reversal of the judgment of conviction.

The facts essential to a determination of the appeal are these: Appellant was arrested by Montgomery County police on April 12, 1966 pursuant to a warrant for housebreaking. At the time of the arrest, appellant was seated on a bench in a restaurant reading a newspaper. He was then sitting on another section of the newspaper, part of which was sticking out from under his leg. Upon inspection at the scene of the arrest, the police discovered several shares of stock and a $1,000.00 Federal Reserve note within the newspaper upon which appellant had been sitting. Appellant denied ownership of the paper. The stock and note were the property of Mr. and Mrs. Robert W. Gosnell of Reading, Pennsylvania. The evidence showed that the Gosnells had placed these items in a safe in their home in Reading on or about October 25, 1965. There was evidence showing that the safe had been removed from the Gosnell home and that no permission had been given for its removal.

Appellant first contends that there was no proof of the *corpus delicti, viz.,* that there was no legally sufficient evidence of theft of the Gosnell property from its situs in their Pennsylvania home. It is, of course, well settled that the *corpus delicti* may be proved by circumstantial evidence. *Banks v. State,* 228 Md. 130. As indicated, the stock and note were kept by the Gosnells in a safe in their home. Upon inspection, the safe and its contents were found missing. No permission had been given for anyone to take either. Under such circumstances, and bearing in mind the nature of the missing objects, we conclude that the only logical inference which could be drawn from their impermissive absence is that they were stolen. Even though they may have been taken originally in Pennsylvania, the subsequent asportation of the stolen goods in the State of Maryland constitutes a new larceny for which the transporting party may be convicted by the courts of this State. *Worthington v. State,* 58 Md. 403.

Appellant's conviction for larceny rests essentially upon the rule which infers guilt from the unexplained possession of re-

cently stolen goods. That rule was recently restated by this court in *Anglin v. State,* 1 Md. App. 85 at page 92:

> "The law is clear that recent possession of stolen goods is evidence of guilt of the possessor and casts the burden on the possessor of such stolen goods to give a reasonable explanation of how he came into its possession * * *."

Chief Judge Hammond, speaking for the Court of Appeals in *Anglin v. State,* 244 Md. 652 at page 656, stated the rule as follows:

> "* * * It has long been established in Maryland that, absent a satisfactory explanation, exclusive possession of recently stolen goods permits the drawing of an inference of fact strong enough to sustain a conviction that the possessor was the thief, or, if the circumstances revealed by the testimony so indicate, that he was the receiver of the stolen goods. * * *"

The term "possession" in this context does not necessarily require actual manual possession by an accused as long as he obtains a measure of control or dominion over the stolen goods. *Polansky v. State,* 205 Md. 362; *Brooks v. State,* 235 Md. 23. At the time of his arrest, appellant was found sitting on a newspaper containing the stolen stock and note. We hold that these facts constitute sufficient evidence from which the jury could properly infer possession in the appellant.

The requirement that goods be "recently" stolen is a relative one. In *Anglin v. State,* 1 Md. App. at page 92, this court, quoting *Butz v. State,* 221 Md. 68, 77, said:

> "The term 'recent' when used in connection with recently stolen goods, is a relative term, and its meaning as applied to a given case will vary with the circumstances of the case. 1 Wharton, *Criminal Evidence* (12th Ed.), Section 135. Cf. Underhill's *op. cit.,* Sec. 723; 32 Am. Jur., *Larceny,* Sec. 142."

While the exact time of the theft in question is unknown, it is clear from the testimony that it occurred sometime between Oc-

tober 25, 1965 and April 12, 1966, the latter being the date of appellant's arrest. In *Cason v. State,* 230 Md. 356, the stolen property was found in possession of the defendant over four months after its theft; in *Anglin v. State,* (1 Md. App. 85), the time was over six months. We hold, under the circumstances of this case, that the appellant's possession was "recent" within the contemplation of the rule. See also *Musgrove v. State,* 1 Md. App. 540.

Appellant made no effort to explain his possession of the stolen property, and hence the evidence of his guilt, arising from his possession of recently stolen property, was not rebutted. The circumstances thus permit "the drawing of an inference of fact strong enough to sustain a conviction that the possessor was the thief * * *." *Anglin v. State,* 244 Md. 652 at page 656.

Appellant urges that his solicitation by a paid police informer to come to the place where he was arrested constitutes an entrapment. Appellant was arrested under the authority of a warrant for housebreaking. While there is some suggestion in the record that the police had information that appellant had in some way participated in a crime by which he came into possession of some stock and money, we do not find, on the basis of the record before us, any evidence even remotely suggesting that appellant was the victim of a police entrapment. See *Jarrett v. State,* 1 Md. App. 448.

Appellant next contends that the search incident to his arrest was unlawful (a) because the housebreaking warrant under which he was arrested was wholly unrelated to the goods seized, and (b) because the police, though having knowledge of the offense now in question, did not procure an arrest warrant on such charge before arresting the appellant. Appellant does not, however, contest the validity *vel non* of the arrest or the validity of the warrant under which that arrest was made. It is settled that if the circumstances make an arrest lawful for one crime, there may be a reasonable seizure of goods in the possession or control of the one arrested, and a consequent right to use the goods so seized as evidence in a trial for a crime different from that which justified the arrest. *Nestor v. State,* 243 Md. 438; *Braxton v. State,* 234 Md. 1; *Jenkins v. State,* 232

Md. 529. Equally well settled is the proposition that the police need not have obtained another warrant for appellant's arrest for the offense in question simply because they may have had sufficient time to procure such a warrant. See *Graham v. State*, 239 Md. 521. We hold, therefore, that appellant's arrest was valid, and that the goods seized incident thereto were properly admitted into evidence.

In view of appellant's objection to the admissibility of the articles seized by the police, we further hold that the authority for the arrest and seizure was properly shown by the State, *Edwardsen v. State*, 231 Md. 332, and henceforth we find no merit to his contention that the court below erred in failing to grant an instruction to the jury to disregard the testimony relative to the existence of the housebreaking warrant. Of course, an instruction to the jury not to consider the fact of the issuance of the housebreaking warrant in determining appellant's guilt of the crime charged would have been proper. No request for such an instruction was, however, made by appellant.

Finally, appellant contends that even though he was acquitted on the charge of receiving stolen goods, it nevertheless constituted reversible error for the court to have failed to grant his motion for acquittal on that charge. We find no merit to this contention, the evidence in the case being such that the jury might have found appellant guilty of receiving stolen goods, rather than larceny. See *Anglin v. State, supra.*

*Judgment affirmed.*