222 So.2d 183

**James R. HAYNES**

v.

**STATE.**

6 Div. 386.

Court of Appeals of Alabama.

April 22, 1969.

Arthur Parker, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from a conviction of buying, receiving or concealing stolen prop-

**32**

erty, etc., in violation of Section 338, Title 14, Code 1940. The punishment imposed was six years in the penitentiary.

At the close of the State's evidence in chief the defense counsel moved to exclude the evidence. The motion is as follows:

"Judge, for the record, may I, at this time, move to exclude the State's evidence as to the indictment and to each count thereof, separately and severally, that the corpus delicti has not been proved, that, generally, it has not been proved, that there is no evidence which tends to connect this defendant with the commission of an offense."

 This motion did not raise the question of the sufficiency of the evidence to prove venue. Rule 35, Title 7, Code 1940, Appendix; Simmons v. State, 36 Ala.App. 36, 53 So.2d 398; Britton v. State, 15 Ala. App. 584, 74 So. 721.

The trial court charged the jury as follows:

"Now, gentlemen, it is the settled law of this state that the recent possession of stolen property, that is, possession shortly after the property is stolen, imposes on the possessor the onus, or burden, of making a reasonable explanation of his possession, and, if he fails to make a reasonable explanation of his possession that would be sufficient to support a conviction."

 The following cases serve to illustrate our view that the defendant's exception to this portion of the court's oral charge was well taken. Odom v. State, 44 Ala.App. 534, 215 So.2d 596; Orr v. State, 107 Ala. 35, 18 So. 142; Coats v. State, 257 Ala. 406, 60 So.2d 261.

The judgment is reversed and the cause remanded.

Reversed and remanded.