225 So.2d 787

**T. C. HALE**

v.

**STATE.**

**8 Div. 190.**

Court of Appeals of Alabama.

May 20, 1969.

Rehearing Denied June 10, 1969.

98

Clark E. Johnson, Jr., Albertville, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

ALMON, Judge.

The appellant was indicted by the Grand Jury of Marshall County on September 22, 1967, for the offense of buying, receiving, concealing, or aiding in concealing stolen property. Upon arraignment, he entered a plea of not guilty. Appellant was tried by a jury, found guilty as charged and sentenced to the State penitentiary for a term of one year and one day.

Appellant subsequently appeared and moved the court to set aside the verdict and grant him a new trial and for grounds for his motion said, inter alia:

That, under the circumstances of this case, the State was under a duty to prove that the defendant *knew* that the property mentioned in the indictment was stolen and that the evidence in the cause did not sustain the State's burden of proof in that regard.

That the court erred in its oral charge in stating in substance that the burden was on the defendant to explain to the satisfaction of the jury his possession of the alleged recently stolen property.

■ The first of the above mentioned grounds is without merit under Vacalis v. State, 204 Ala. 345, 86 So. 92; Middleton v. State, 27 Ala.App. 564, 176 So. 613; Milam v. State, 240 Ala. 314, 198 So. 863, which hold that: before there can be a

conviction, there must be evidence sufficient to convince the jury, beyond a reasonable doubt, of every material ingredient of the offense charged; and that scienter, one of the elements, may be inferred from the facts and circumstances surrounding the entire transaction.

The only substantial question before this court is whether the trial court erred in giving the following oral charge to the jury:

"* * * if you are further satisfied beyond a reasonable doubt from the evidence in the case that the defendant shortly thereafter was in possession of recently stolen property then a presumption of guilt arises which will support a verdict of conviction unless the evidence in the case raises in the minds of the Jury a reasonable doubt of the defendant's guilt. Now it is the province of the Jury to determine whether or not the defendant's explanation is reasonable and true and whether such explanation raises in the minds of the Jury a reasonable doubt of guilt. Now, if it does raise in your minds a reasonable doubt of his guilt, then, the presumption had been completely overcome and has no force or effect whatsoever."

■ Price, P. J., writing for this court to the same question in Haynes v. State, 45 Ala.App. 31, 222 So.2d 183, 6 Div. 386, relied on Odom v. State, 44 Ala. App. 534, 215 So.2d 596; Orr v. State, 107 Ala. 35, 18 So. 142; and Coats v. State, 257 Ala. 406, 60 So.2d 261, in holding that the trial court erred in giving the following charge:

"Now, gentlemen, it is the settled law of this state that the recent possession of stolen property, that is, possession shortly after the property is stolen, imposes on the possessor the onus, or burden, of making a reasonable explanation of his possession, and, if he fails to make a reasonable explanation of his possession that would be sufficient to support a conviction."

The charge in the instant case is distinguishable from that given in the *Haynes* case, supra, in that it continues at length to demonstrate how the burden is met by the defendant and to what extent it is carried by him, conveying to the minds of the jurors the idea that it is left up to them to decide whether the unexplained possession of goods recently stolen satisfies them of the guilt of the defendant. Nevertheless, the charge in question is fraught with the problem recognized in *Coats*, supra, which prompted Livingston, C. J., to comment as follows:

"This theory is illustrated in the law of larceny, as follows: 'the "unexplained" recent possession of stolen property that authorizes the inference of guilt. Whether the explanation offered is credible or satisfactory is a question for the jury.' Orr v. State, 107 Ala. 35, 18 So. 142, 143. It is sometimes stated that such unexplained possession is prima facie evidence of guilt, and it is very often stated that the unexplained possession of recently stolen goods raises a presumption of guilt. But in the Orr case it was observed that the safest rule, and that of the best considered cases, is to leave it to the jury to say whether the unexplained possession of goods recently stolen satisfies them of the guilt of the defendant. It seems that care has not been taken in all the cases to differentiate a presumption of guilt arising from the situation and an inference which the jury is justified in drawing on account of it."

We agree with his observation and would be less than diligent should we ignore the subtleties which distinguish the import conveyed by the use of the word "presumption" rather than the word "inference" in any given situation. Black's Law Dictionary, Fourth Edition, draws the distinction most perceptively, therefore, we quote:

"A 'presumption' and an 'inference' are not the same thing, a presumption being a deduction which the law requires a trier of facts to make, an inference being a deduction which the trier may or may not make, according to his own conclusions; a presumption is mandatory, an inference, permissible. Cross v. Passumpsic Fibre Leather Co., 90 Vt. 397, 98 A. 1010, 1014; Joyce v. Missouri & Kansas Telephone Co., Mo.App., 211 S.W. 900, 901."

We also note that Judge Learned Hand, writing to the same question in United States v. Sherman, 171 F.2d 619, 624, observed that:

"While we have held a number of times that the jury may find in the accused's unexplained possession of stolen goods enough evidence to convict, we have never intended to indicate that the jury should be directed that it was required by a rule of law to make this inference. In discussions among lawyers and judges of the difference between a permissible inference and a presumption, the terminology may be unimportant. But the jury may be misled by the word 'presumption'; and here it may have interpreted that word as far stronger than a permissible inference. * * * 'the word presumption * * * carries unpredictable connotations to different minds.' [17]

"[17]. A.L.I. Model Code of Evidence, Rule 704, Comment b on Paragraph (2)."

Although, reluctant to temper justice with such pedant perspicuity, we feel compelled and, therefore, do draw this distinction which requires that the judgment be reversed and the cause remanded.

Reversed and remanded.

PRICE, Presiding Judge (dissenting).

I am of opinion the trial judge's charge was a correct statement of the principle involved. I would not vote to reverse because of the use of the word "presumption" instead of "inference." I respectfully dissent.