280 So.2d 810

James **BUCKLES**

v.

**STATE.**

1 Div. 131.

Court of Criminal Appeals of Alabama.

March 14, 1972.

Rehearing Denied April 11, 1972.

Thomas M. Haas and J. D. Quinlivan, Jr., Mobile, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment charges the appellant with burglary in the second degree, and also buying, receiving, concealing, or aiding in concealing, certain alleged stolen property. The verdict and judgment of guilty was for buying, receiving, concealing or aiding in concealing stolen property, and the appellant received a sentence of six years imprisonment.

The evidence showed that the home of one Robert T. Platt in Mobile, Alabama, was broken into on October 19, 1968. Mr. and Mrs. Platt had been out of the City of Mobile, and upon their return discovered certain items missing from their home, including certain jewelry which was subsequently identified at trial by Mrs. Platt as belonging to her and having been missing since the date in question. On December 12, 1968, three Mobile police officers went to the home of the appellant, after having obtained a search warrant on this date. There they found the missing jewelry in a bag on a dresser.

I

■ At the conclusion of the State's case, the appellant's counsel moved to exclude the State's evidence, averring that the State failed to prove a prima facie case. From Wood v. State, 18 Ala.App. 654, 94 So. 256, we find:

> " . . . (T)he proof of the corpus delicti does not depend upon the place from whence the goods were stolen, or who stole them. That they were stolen by somebody is all that is required to establish the corpus delicti, and there was ample evidence for this purpose . . . . "

We feel that the trial judge properly denied the appellant's motion. See Smith v. State, 133 Ala. 145, 31 So. 806; Sanders v. State, 167 Ala. 85, 52 So. 417.

II

Appellant's counsel had filed a pretrial motion to suppress the State's evidence based upon an alleged illegal search and seizure. Appellant's counsel contends the affidavit and warrant are deficient when measured by Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637. The challenged

affidavit in the search warrant reads as follows:

"AFFIDAVIT FOR SEARCH WARRANT

"STATE OF ALABAMA⎱
COUNTY OF MOBILE⎰

DOCKET NO. ——————

CASE NO. ——————

"Before me, C. S. White-Spunner, Jr., Recorder of the City of Mobile, Alabama, personally appeared Ralph L. Jordan who being duly sworn deposes and says:

"That he (has reason to believe) that (on the premises known as) 859 South Broad Street in the City of Mobile, Alabama, there is now being concealed certain property, namely (here describe property)

"1—Short Wave Police Radio

"2—Money Sacks with Top-Dollar identifying name

"2—Keys

"1—Gold Pendant Watch

"Miscellaneous Old Coins

"which are (here give alleged grounds for search and seizure.) Stolen property illegally possessed or concealed, and evidence of commission of felonies. And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows:

"I am Sgt. Ralph L. Jordan of the Mobile, Alabama Police Department. Records of said department reflect that a burglary was reported to have been committed of the premises at 631 Glenwood Street, Mobile, Alabama, on October 22, 1968 and that a short wave police radio was stolen therefrom. Records of said department reflect that a burglary was reported to have been committed of the Top-Dollar Store at 966 Michigan Avenue, Mobile Alabama, from September 21 to September 23, 1968, and that two money sacks with Top Dollar identifying name was stolen therefrom. Records of said department reflect that a burglary was reported to have been committed of the premises at 2200 Riverside Drive, Mobile, Alabama from October 19, 1968 to October 20, 1968, and that a Gold Pendant Watch was stolen therefrom. Records of said department reflect that a burglary was reported to have been committed of the Top Dollar Store at 2996 Springhill Avenue, on September 30, 1968. I talked this day with a person who has previously furnished to me information concerning a great number of other cases, which information in each instance has proven to be reliable, and I was informed by him that he has seen, within the last 10 days, the above described property in the house at 859 South Broad Street, Mobile, Alabama. This person stated that the radio seen was stolen from 631 Glenwood Street, Mobile, Alabama; that the two money sacks were stolen from the Top Dollar Store at 966 Michigan Avenue, Mobile Alabama; that the Gold Pendant Watch was stolen from 2200 Riverside Drive, Mobile, Alabama. He further stated that the entries in each of the Top Dollar burglaries were made with keys which he has seen at 859 South Broad Street, Mobile, Alabama. He also stated he has seen at this address miscellaneous old coins known to him to have been stolen in numerous burglaries in Mobile, Alabama with in the past 2 several months.

"Ralph L. Jordan
Signature of Affiant

"Official Title, if any.

"Sworn to before me, and subscribed in my presence this 12 day of December, 1968.

"C. S. White-Spunner, Jr.
Judge of Municipal Court,
City of Mobile Alabama"

■ We are of the opinion that this affidavit and warrant is legally sufficient when tested by *Aguilar* and *Spinelli* standards. Clenney v. State, 281 Ala. 9, 198 So.2d 293; Myrick v. State, 45 Ala.App. 162, 227 So.2d 448; Davis v. State, 46 Ala.App. 45, 237 So.2d 635, affirmed 286 Ala. 117, 237 So.2d 640.

### III

■ In the trial court's oral charge, we find as follows:

"Now, we have another statement in 36 Ala.App. 703 [63 So.2d 289], Hoggle v. State, which may be somewhat less involved; Judge Carr states that principle in this manner: 'It has long been the rule in this jurisdiction that recent possession of stolen property by the accused places upon him the burden of explaining this possession and if he fails to make a reasonable explanation; an inference of guilt may support a conviction.'

"I'm not going to read this one—I'm not going to tell you that if—that if you found that the defendant was in possession of recently stolen property; I'm not going to tell you that that would create a presumption of his guilt, because it does not do it. But I am telling you that if he is found in the recent, unexplained possession of stolen goods, that would support an inference of his guilt in the burglary. Now, that is about as exact as I can make a very inexact legal principle."

We deem the above misleading and erroneous.

The leading case on the question of unexplained recent possession of stolen goods is Orr v. State, 107 Ala. 35, 18 So. 142. From *Orr* we find:

"The unexplained possession of property does not raise the presumption that the property was stolen. There must be other evidence of the *corpus delicti.* When this has been shown, and the sto-

len property, soon after the offense, is found in possession of a person, who is unable to give a satisfactory explanation of his possession, then the jury are authorized to infer his guilt. We are aware in some courts it is held that the unexplained possession of property recently stolen, as matter of law, raises a presumption of guilt from the circumstance, but our opinion is the best-considered cases, and it is the safest rule, to leave it with the jury to say, whether the unexplained possession of goods recently stolen, satisfies them beyond a reasonable doubt of the guilt of the defendant. This was the rule declared in Underwood v. The State, 72 Ala. 220."

It is well here to observe what was stated by our court, per Price, Presiding Judge, in Reed v. State, Ala.Cr.App., 259 So.2d 304, decided March 7, 1972:

"The trial judge's charge appears to have been derived from the language of the cases cited but what was said in those cases in our opinion was merely stated in holding the verdict of the jury to have been supported by sufficient evidence and was not intended to be given as an instruction to the jury.

"In Haynes v. State, 45 Ala.App. 31, 222 So.2d 183, we reversed because the court gave this charge:

" 'Now, gentlemen, it is the settled law of this state that the recent possession of stolen property, that is, possession shortly after the property is stolen, imposes on the possessor the onus, or burden, of making a reasonable explanation of his possession, and, if he fails to make a reasonable explanation of his possession that would be sufficient to support a conviction.' "

■ Language used by appellate courts in passing upon the legal sufficiency of the evidence in a given case in an opinion should not therefore literally be used by trial judges in setting forth an appropriate oral charge to the jury. See Hale v. State, 45 Ala.App. 97, 225 So.2d 787; Coates v.

State, 257 Ala. 406, 60 So.2d 261, and cases cited.

In dealing with the issue of the remoteness of time as affecting the recent possession of the appellant, we note with approval the following in Smitherman v. State, 33 Ala.App. 316, 33 So.2d 396:

> "Ordinarily, remoteness of time affects the weight and probative value of evidence rather than its admissibility. It rests largely in the enlightened discretion of the court whether or not such proof will be allowed. Remoteness has regard also to factors and considerations other than mere lapse of time. It results, therefore, that it is practically impossible and not at all accurate to attempt to state a fixed rule or standard with particular reference to the time element . . . ."

■ "Recent possession" must be determined from the facts of each case and may vary from a few days to many months. See State v. Oliver, 355 Mo. 173, 195 S. W.2d 484; Gamble v. State, 2 Md.App. 271, 234 A.2d 158; Graham v. State, 6 Md.App. 458, 251 A.2d 616.

For the error pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

PRICE, P. J., and CATES and ALMON, JJ., concur.

CATES, Judge.

I would suggest that the trial judges examine a direction as to a jury's deliberation upon the phenomenon of the handholding thief or fence, substantially as follows:

1. The bracketed language should be left out where larceny only is charged.

2. Where the defense offers an explanation the court may either instruct that the office of such evidence would be to generate a reasonable doubt, the State always

"Jurors, if you believe beyond a reasonable doubt that the property described in the indictment was stolen, and if you further believe beyond a reasonable doubt that then or thereafter the defendant recently possessed it [knowing it was stolen or having reasonable grounds to believe so] [1] then such possession [unexplained] [2] is a circumstance which you may consider together with all the other evidence in this case in arriving at your verdict."

having the burden of proving the corpus delicti and the defendant's agency to a moral certainty and beyond a reasonable doubt, or leave the bracketed word "unexplained" in the above suggested pattern charge.