280 So.2d 823

**In re James BUCKLES**

**v.**

**STATE of Alabama.**

**Ex parte STATE of Alabama, ex rel. ATTORNEY GENERAL.**

**SC 283.**

Supreme Court of Alabama.

July 12, 1973.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State, petitioner.

J. D. Quinlivan, Jr., Mobile, for respondent.

## ON REHEARING

BLOODWORTH, Justice.

This cause came to this court on petition for writ of certiorari. The writ was granted. This is the second time this cause has been before this court. (For the former opinion this court rendered, see Buckles v. State, 291 Ala. 352, 280 So.2d 814 [1972].)

Upon original deliverance in the present cause, a majority of the justices concluded that the judgment of the Court of Criminal Appeals should be reversed and remanded.

On application for rehearing and upon further consideration, a majority of the justices have now concluded that the application for rehearing should be granted, the opinion and judgment of this court heretofore rendered on June 7, 1973 should be set aside, this opinion should be substituted therefor and the judgment of the Court of Criminal Appeals should be affirmed, all for the reasons hereinafter set forth. It results, of course, that the opinion rendered for the court on the former submission, Buckles v. State, 291 Ala. 352, 280 So.2d 814 [1972], is overruled.

The clear effect of the oral charge in this case is to place upon defendant the burden of explaining his possession of recently stolen goods—thus of proving his innocence. The burden of proof is on the State to prove defendant's guilt.

As pointed out in the exhaustive opinion on former submission, Buckles v. State, 291 Ala. 352, 280 So.2d 814 [1972], the older cases of our court, as well as those of the Court of Appeals, have indicated defendant had such burden. Clearly, however, modern authority is to the contrary.

Almost identical charges were condemned by the Court of Criminal Appeals in Haynes v. State, 45 Ala.App. 31, 222 So.2d 183 (1969), and in Reed v. State, 47 Ala.App. 617, 259 So.2d 304 (1972). We think these decisions are correct.

A charge to effect that the unexplained possession of recently stolen property is a circumstance from which the jury may infer that the defendant is guilty of stealing it, was recently upheld by the Court of Criminal Appeals in Chadwick v. State, 47 Ala.App. 529, 258 So.2d 62 (1972).

Judge Cates, in concurring with Judge Tyson's opinion for the Court of Criminal Appeals (in that court's original opinion in this cause, 50 Ala.App. 548, 280 So.2d 810), suggests a form for such a charge. It does not directly place a burden on defendant, which we consider to be the vice in the charge in the instant case.

Moreover, the United States Supreme Court in the recent case of Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 [1973], upheld a charge quite similar to that suggested by Judge Cates, viz:

" * * * '[p]ossession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.' "

The Supreme Court held, inter alia:

" * * * What has been established by the cases, however, is at least this: that if a statutory inference submitted to the jury as sufficient to support conviction satisfies the reasonable doubt standard (that is, the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt) as well as

the more-likely-than-not standard, then it clearly accords with due process."

Application for rehearing granted.

Original opinion and judgment set aside.

Affirmed.

HEFLIN, C. J., and COLEMAN and FAULKNER, JJ., concur.

JONES, J., concurs specially.

MADDOX, J., dissents.

MERRILL, HARWOOD and McCALL, JJ., concur.

JONES, Justice (concurring specially).

On original submission of the present case, S.C. 283, I concurred specially on procedural grounds to the effect that there should be an end to litigation, being of the conviction that we should not tolerate procedure which would permit a case to become a judicial football. In so concurring, however, I also expressed the view that I would have joined the dissent filed on deliverance of the original opinion had I been a member of this Court at that time. I am now convinced that the views expressed in my specially concurring opinion create a highly undesirable situation. While I voted with the majority to reverse and remand the case to the Court of Criminal Appeals with a mandate to affirm the conviction below, both bench and bar—including the Court of Criminal Appeals—by simple numerical count could determine that such result was in conflict with the expressed views of the majority of the members of the Supreme Court on the merits involved.

I am also convinced after further consideration that the Court of Criminal Appeals was in no wise acting in defiance, but rather its second opinion was a good faith effort to comply with the mandate of this Court.

For an excellent discussion of a trial court's oral charge which was held not violative of Fifth Amendment rights in a possession of stolen property case, see Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 [1973].

Accordingly, I vote to grant the application for rehearing and concur with the opinion filed by Justice Bloodworth and affirm the Court of Criminal Appeals.

MADDOX, Justice (dissenting).

This is the second time this case has been here. James Buckles was indicted for burglary and buying, receiving or concealing stolen jewelry in Mobile County. He was found guilty of the charge of buying, receiving or concealing stolen property and was sentenced to six years in the penitentiary. He appealed to the Court of Criminal Appeals. His case was reversed and remanded. Buckles v. State, 50 Ala.App. 548, 280 So.2d 810 [1972]. The State filed a petition for certiorari in this Court. This Court granted the writ and reversed and remanded the judgment of the Court of Criminal Appeals. Ex Parte State (In re: Buckles v. State), 291 Ala. 352, 280 So.2d 814 [1972]. After remandment, the Court of Criminal Appeals did not affirm the judgment of the trial court, but again reversed and remanded the judgment of the trial court. The State again petitioned for certiorari to this Court to review the latest judgment of the Court of Criminal Appeals. This Court reversed and remanded the judgment of the Court of Criminal Appeals, but on application for rehearing, this Court granted the application for rehearing, withdrew the original opinion and affirmed the latest judgment of the Court of Criminal Appeals and overruled the prior opinion of this Court rendered on September 7, 1972.

I must respectfully dissent.

The controversy centers around a portion of the oral charge of the trial court which reads as follows:

". . . It has long been the rule in this jurisdiction that recent possession of stolen property by the accused places on him the burden of explaining this possession and if he fails to make a reasonable explanation; an inference of guilt may support a conviction . . ."

I can appreciate the fact that Justices and Judges are in disagreement on the prejudicial effect of a jury charge on the inference arising from the unexplained possession of recently stolen property, but I think a majority of this Court would agree that the Court of Criminal Appeals must follow the mandates of this Court and that it has failed to do so in this case. By overruling the decision of this Court rendered on September 7, 1972, I believe that the majority implicitly admits that the Court of Criminal Appeals failed to follow this Court's original mandate. The decisions of this Court govern the holdings and decisions of the Court of Criminal Appeals (Section 10, Act No. 987, Acts of Alabama, 1969, p. 1746, carried as Title 13, Section 111(10), Code of Alabama, 1940, Recomp. 1958), and the failure of that court to follow the prior decision by this Court is sufficient ground to reverse the judgment of that court, irrespective of the fact that the decision of this Court on original deliverance was not unanimous. If mandates of this Court are not followed, there can be neither finality in a particular case, nor stability in the rule of law announced. In each instance the finality of a mandate or the stability of the rule of law announced would depend upon a transient majority on this Court. I respect the right of my brothers to disagree with me on a point of law, but when a judgment has become final and no higher authority has set the judgment aside, I would hope that this Court would require obedience to its judgment until it is set aside or is overturned.

Since I think that the Court of Criminal Appeals has failed to follow the mandate of this Court, I believe we should reverse and remand the cause.

I also dissent from the judgment which overrules this Court's decision of September 7, 1972 in this same case.

The majority concedes that the Supreme Court of the United States, in Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 [1973] has approved a charge which reads in part, as follows:

". . . [P]ossession of recently stolen property, *if not satisfactorily explained*, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen." (Emphasis added)

Except for the fact that in *Barnes*, supra, the trial judge used the words, "if not satisfactorily explained" and here the trial judge used the words, "places on him the burden of explaining," the charges are almost identical. Apparently the majority thinks the use by the trial court of the word *"burden"* makes the charge here prejudicial. I believe the majority attaches entirely too much significance to this one word, especially in view of the entire oral charge of the Court, which is set out in the opinions which have heretofore been rendered by this Court and the Court of Criminal Appeals. In fact, the Supreme Court of the United States, in *Barnes*, supra, noted:

"It is true that the practical effect of instructing the jury on the inference arising from the unexplained possession of recently stolen property is to *shift the burden of going forward with evidence to the defendant."* (Emphasis added)

Since the Supreme Court has stated that the practical effect of giving an instruction on the inference arising from the unexplained possession of recently stolen property is to shift the burden of going forward with evidence to the defendant, I think we are dealing with semantics if we say there is a material difference in the

*practical effect* of the charge given in this case and the one which the majority adopts as an appropriate charge.

The majority says that this Court's older cases and those of the Court of Appeals are contrary to "modern authority." The Supreme Court of the United States, in approving the charge given in the *Barnes* case, stated in a footnote:

"We do not decide today whether a judge-formulated inference of *lesser age* or *less widely accepted* may properly be emphasized by means of a jury instruction. (Emphasis added)

It seems to me that in *Barnes* the Supreme Court of the United States approved the giving of the inference charge, at least in part, because of its *age* and *wide acceptance*. In any event, *Barnes* is the latest authority of the highest court of the land and I believe it is authority which can be cited to uphold the original decision of this Court in this case, which the majority today overrules.

The Court majority approves the form of a charge set out by Judge Cates in his special concurring opinion in this case [Buckles v. State, 50 Ala.App. 548, 280 So.2d 810 (1972)]. I suggest that the charge set out in the *Barnes* case is more comprehensive and having been approved by the Supreme Court of the United States, I believe trial courts would be wise to follow substantially that charge, in appropriate cases. That charge reads substantially as follows:

"Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

"However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits the jury to draw from the possession of recently stolen property.

"The term 'recently' is a relative term, and has no fixed meaning. Whether property may be considered as recently stolen depends upon the nature of the property, and all the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft the more doubtful becomes the inference which may reasonably be drawn from unexplained possession.

"If you should find beyond a reasonable doubt from the evidence in the case that the property described in the indictment was stolen, and that while recently stolen it was in the possession of the defendant you would ordinarily be justified in drawing from those facts the inference that the property was possessed by the accused with knowledge that it was stolen property, unless such possession is explained by facts and circumstances in this case which are in some way consistent with the defendant's innocence.

"In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that in the exercise of constitutional rights the accused need not take the witness stand and testify.

"Possession may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused."

MERRILL, HARWOOD and McCALL, JJ., concur.