DeCARLO, Judge.
Trafficking in cannabis; three years imprisonment and a $25,000 fine.
I
Appellant claims that §§ 20-2-80 and 20-2-81 of the Code of Alabama (Supp. 1981) are unconstitutional because they provide for no maximum punishment and because they delegate judicial functions to the executive branch of government. This court has upheld the constitutionality of the statute on both grounds in Dickerson v. State, 414 So.2d 998 (Ala.Cr.App.1982); Wheatt v. State, 410 So.2d 479 (Ala.Cr. App.1982).
*203 II
In addition, appellant contends that the State did not meet its burden of proving that he possessed more than 2.2 pounds of cannabis. He insists that the evidence was insufficient because the State did not establish that the total weight of the plant material was exclusive of non-prohibited parts such as “mature stalks” and “sterilized seeds.” In Dickerson v. State, supra, we held that once the State proves the requisite total weight of 2.2 pounds, the burden is then on the accused to bring himself within any exclusion contained in the definition of “marihuana.” Here, the appellant presented no evidence which tended to show that any part of the vegetation was excluded from the operation of the statute.
III
Appellant also argues that the State did not prove his actual or constructive possession of the cannabis. While the testimony of appellant’s girl friend and co-defendant, that appellant brought the cannabis to her house, cannot be used as the sole basis for his conviction, see Ala.Code § 12-21-222 (1975), we find that her testimony was corroborated by that of Anniston police officer, Mike Hembree, who testified that immediately after he informed appellant of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), appellant stated that all the drugs belonged to him and not to his girl friend. In our judgment, therefore, the State presented a prima facie case of possession and the trial court did not err by overruling the motion to exclude. See Dickerson v. State, supra; Yarbrough v. State, 405 So.2d 721 (Ala.Cr.App.), cert. denied, 405 So.2d 725 (Ala.1981).
We have searched the record for error and have found none. The judgment of conviction by the Calhoun Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.