Earl Presley was convicted of trafficking in marijuana, in violation of Ala. Code 1975, § 20-2-80.[1] He received a sentence of life imprisonment without the possibility of parole and was ordered to pay a $25,000 fine. The Court of Criminal Appeals affirmed Presley's conviction, Presley v. State, 587 So.2d 1016
(Ala.Crim.App. 1990), and this Court granted Presley's petition for the writ of certiorari to review the following issue: Whether the Court of Criminal Appeals' affirmance of Presley's conviction conflicts with this Court's opinion in Exparte Bohannon, 564 So.2d 854 (Ala. 1988), and the Court of Criminal Appeals' opinion in Ray v. State, 549 So.2d 518
(Ala.Crim.App. 1989).
During Presley's trial, the State's toxicologist, Deborah Sennett, testified that she performed a gross examination of the material seized from Presley. She also performed chemical and microscopic analyses on portions of the material. She stated that, in her opinion, the material was "marijuana," and that it weighed 2080 grams or 4.59 pounds. During cross-examination, Sennett acknowledged that the material contained "a reasonable amount" of seeds and that all of those seeds were included in the material that she weighed. Sennett also testified that she did not perform any tests on the seeds to determine if they were fertile, sterile, or sterilized, and that she never weighed the seeds separately. Following Sennett's testimony, Presley moved for a judgment of acquittal, arguing that Sennett's failure to determine if the seeds met the statutory definition of marijuana rendered their inclusion in the material weighed improper, and that, as a result, there was insufficient evidence to support a conviction for trafficking in marijuana. The court denied Presley's motion.
In order to secure a conviction for trafficking in marijuana, the State must show that the defendant was in possession of more than 2.2 pounds of that substance, as it is defined in Ala. Code 1975, § 20-2-2(15):
 "Marihuana. All parts of the plant Cannabis sativa L., whether growing or not, the seeds thereof, the resin extracted from any part of the plant and every compound, manufacture, salt, derivative, mixture or preparation of the plant, its seeds or resin. Such term does not include the mature stalks of the plant, *Page 1024 
fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or cake or the sterilized seed of the plant which is incapable of germination."
(Emphasis added.)
In Dickerson v. State, 414 So.2d 998 (Ala.Crim.App. 1982), the Court of Criminal Appeals recognized that sterilized seeds are not within the definition of marijuana set out in §20-2-2(15), but held that the "burden" of establishing that seeds that had been weighed by the State had been sterilized, and were therefore excludable, was on the defendant. 414 So.2d at 1003. Under the procedure set out in Dickerson, the State could weigh the plant material that it seized, including all seeds, without testing them to ensure that they met the statutory definition of marijuana. This procedure of placing a "burden" on the defendant to bring himself within an exclusion set out in § 20-2-2(15) was followed in other opinions by the Court of Criminal Appeals. See, e.g., Sterling v. State,421 So.2d 1375 (Ala.Crim.App. 1982); and Weaver v. State,418 So.2d 202 (Ala.Crim.App. 1982).
However, in Ex parte Bohannon, 564 So.2d 854 (Ala. 1988), this Court did away with the "burden-shifting" analysis set out inDickerson and its progeny. In Bohannon, the toxicologist testified that the plant material he weighed was marijuana, and that it weighed 3.5 pounds. The toxicologist also testified that the material he weighed contained seeds and that he had not tested those seeds before weighing the plant material to determine if they had been sterilized. 564 So.2d at 858. This Court reversed Bohannon's conviction, holding that the toxicologist's failure to test or weigh the seeds rendered improper their inclusion in the material that was weighed. Id.
In doing so, we made a clear departure from the procedure that had been adopted by the Court of Criminal Appeals in Dickerson
and its progeny. Instead of allowing the State to establish a prima facie case by weighing all of the plant material that it seizes, thereby shifting the "burden" to the defendant, this Court held that the State must prove that all of the material that it relies on to equal 2.2 pounds was marijuana, as the term "marijuana" is defined by statute:
 "[I]n order to prove that the material the toxicologist weighed contained in excess of 2.2 pounds of statutorily defined marijuana, the State must prove that the seeds were not 'sterilized.' "
Id.
The Court of Criminal Appeals followed Bohannon in Ray v.State, 549 So.2d 518 (Ala.Crim.App. 1989). In Ray, Deborah Sennett also testified as the State's expert. She testified that she analyzed the seized material and that, in her opinion, it was 4.9 pounds of marijuana. 549 So.2d at 518. On appeal, Ray argued that the State's burden was not simply to prove that the aggregate of seized plant material and seeds containing marijuana weighed in excess of 2.2 pounds, but that all of the material actually weighed, including the seeds, satisfied the statutory definition of marijuana. 549 So.2d at 519.
The Court of Criminal Appeals, citing Bohannon, agreed with Ray's argument and reversed his conviction:
 "In the case at bar, just as in Bohannon, the toxicologist weighed the stems and seeds in determining the weight of the green plant material. However, the toxicologist did not test the seeds to determine if they were sterile or infertile. Therefore, as stated in Bohannon, supra, in order to prove that the material the toxicologist weighed contained in excess of 2.2 pounds of statutorily defined marijuana, the State must prove that the seeds were not 'sterilized.' In the case at bar, as in Bohannon, the toxicologist testified that in her opinion some of the seeds were probably infertile or nongerminating, but she did not test the seeds to determine if that was the case. Pursuant to the Supreme Court's ruling in Bohannon, supra, this testimony is not sufficient to meet the burden of proof. *Page 1025 
". . . .
 ". . . [B]ecause . . . seeds were weighed with the remainder of the plant material, and because there was no testimony as to whether the seeds could be included or not, the State failed to prove that [Ray] possessed in excess of 2.2 pounds of marijuana.
 ". . . [Therefore, his] conviction for trafficking in cannabis is due to be, and it is hereby, reversed."
549 So.2d at 519-20 (emphasis added).
The relevant facts in this case are virtually indistinguishable from those in Bohannon and in Ray.[2] In each case, the State's toxicologist testified that the plant material weighed was marijuana and was in excess of 2.2 pounds. In each case, the toxicologist testified that seeds were weighed with the other plant material and that those seeds were never tested to see if they met the statutory definition of marijuana. Because the State failed to establish that the seeds it weighed were "marijuana," as that term has been defined by our legislature, the trafficking convictions in Bohannon andRay were reversed due to insufficient evidence. This Court is bound by the definitions that our legislature adopts, as are district attorneys and defendants in criminal cases. Therefore, Presley's conviction is also due to be reversed.
This Court hopes that this opinion, when read in conjunction with the opinions in Bohannon and Ray, will clarify any confusion regarding the State's burden in marijuana trafficking cases. In that vein, we feel compelled to address the improper use of language by both the bench and bar that implies that the "burden of proof" shifts to the defendant in these cases. The burden of proof, as that term is properly used, does not shift to the defendant. It remains on the State to prove every element of the offense charged in order to establish the defendant's guilt beyond a reasonable doubt. If the State puts on a prima facie case, the defendant can then do one of two things: (1) he can rest and risk conviction; or (2) he can come forward with exculpatory evidence or evidence of defensive matters. At any rate, it can not be properly said that the burden of proof shifts to the defendant. Buckles v. State,291 Ala. 359, 280 So.2d 823 (1973), setting aside Buckles v. State,291 Ala. 352, 280 So.2d 814 (1972); Eldridge v. State,415 So.2d 1190, 1194 (Ala.Crim.App. 1982).
This may seem like a very narrow or subtle distinction, but it is not:
 "There is a manifest distinction . . . between the burden of proof and the burden of adducing evidence, also known as the burden of explanation, and, while the burden of proof never shifts, the burden of adducing evidence may shift from side to side according to the testimony, and it may require [the] accused to produce testimony for himself or suffer an inference of guilt from the facts already proved to be drawn against him by the jury."
22A C.J.S. Criminal Law, § 688 at 325 (1989) (emphasis added). There are, of course, situations where a defendant is required to assume the burden of proof, such as when a defendant offers the defense of insanity. Ala. Code 1975, § 13A-3-1; Hill v.State, 507 So.2d 554 (Ala.Crim.App. 1986), cert. denied, Exparte Hill, 507 So.2d 558 (Ala. 1987). Usually these situations, e.g., the offer of an insanity defense, arise where the defendant has a burden of establishing a special plea. In the insanity situation, the issue is the defendant's mental competency to commit the crime, rather than whether he actually committed the act or acts charged by the State.
For the reasons set out above, the Court of Criminal Appeals' judgment affirming Presley's conviction is reversed, and this case is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.
MADDOX and STEAGALL, JJ., dissent.
[1] Section 20-2-80, the Code section setting out the elements of the offense of trafficking in marijuana, was transferred to §13A-12-231 by Acts 1988, No. 88-918, p. 512, § 2.
[2] We note that the instant case, Bohannon, and Ray, are clearly distinguishable from Ex parte McCall, 541 So.2d 1075
(Ala. 1989). The opinion in McCall made no mention of seeds or other excludable material, and therefore does not conflict withBohannon or Ray. *Page 1026