(93 South. 288)

## TYLER v. STATE.    (8 Div. 835.)

(Court of Appeals of Alabama.  May 30, 1922.)

**1. Receiving stolen goods ⬤⟹8(1)—Essential to prove goods were stolen.**

Before there can be a conviction for receiving stolen property, it must be shown that the property was stolen.

**2. Receiving stolen goods ⬤⟹8(3)—Stealing of goods not proven.**

Proof of the stealing of the property, necessary to be made by the state on prosecution for receiving stolen property, was not made by showing that it had been the property of a certain company, and that such company never sold or swapped anything; but it should also be shown that it was not given away and did not go out of the company's possession with consent of some of its employés.

**3. Receiving stolen goods ⬤⟹8(1)—Till state proves theft, explanation or proof by defendant unnecessary.**

Till the state, on prosecution for receiving stolen property, proves that it was stolen, defendant need offer no explanation of possession or proof of facts negativing theft.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

A. C. Tyler was convicted of buying, receiving, or concealing properties that had been stolen, and he appealed.  Reversed and remanded.

A. H. Carmichael, of Tuscumbia, and Nathan & Nathan, of Sheffield, for appellant.

The corpus delicti was not proved, and the defendant was entitled to the affirmative charge.  7 Ala. App. 144, 62 South. 270; 15 Ala. App. 569, 74 South. 395; 17 Ala. App. 170, 82 South. 660; 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J.  [1] The question of serious import in this case is whether the state has proven that the property found in the defendant's possession was stolen.  No proposition is more firmly settled now than that before one can be convicted for receiving or concealing stolen property, that it must first be shown that the property was stolen, and that no matter how unsatisfactory the defendant's explanation of his possession of the property may be—indeed, if he make no explanation at all—that the state cannot convict him if the corpus delicti is not proven.  Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536; Smith v. State, 133 Ala. 150, 31 South. 807, 91 Am. St. Rep. 21; Orr v. State, 107 Ala. 35, 18 South. 142.

As was said by the Supreme Court in the Smith Case, supra:

"It must now be regarded as settled in this state that the unexplained possession of property recently stolen does not as matter of law raise a presumption of guilt from the circumstance.  Nor does the unexplained possession by one person of goods belonging to another raise the presumption that a larceny has been committed and the possessor is a thief.  Additional evidence is necessary to establish a corpus delicti."

[2] In the instant case, the Pullman Company found some of its property, such as blankets, sheets, and towels at the defendant's home in Sheffield, and sought to show that it was stolen, by showing that it had the mark of the Pullman Company on each of these articles; that these articles belonged in the possession of the company; that they were such as no one else used except the Pullman Company; that the company never sold or swapped anything; that this company operated its cars through Sheffield, and that such cars carried such articles as were found in the defendant's home.  The state's insistence is that from these facts the articles found in defendant's possession must, of necessity, have been stolen, and that to exact a more stringent rule than the facts indicated above to prove the corpus delicti would, from the very nature of the business carried on by this and like companies, work a hardship, and make a conviction almost impossible.  We cannot accede to either of these contentions.  It may be, and confessedly is so, from the testimony in this case, that the company does *not sell* or *swap* any such articles, as those enumerated above, but from these facts it does not necessarily follow that these articles were stolen.  It may be they were given away, or went out of the possession of the company with the consent of some of its employees.

There is one very significant statement in the testimony of the witness Green, district superintendent of the Pullman Company, who stated:

"That sometimes not frequently with the consent of the conductors on the Pullman Company's cars blankets and other articles were taken from the train for sick people; that on each such occasion that the conductor would make report, and to whom they were given; that this was the rule of the company."

While the fact that the Pullman Company never sold or swapped any such articles as were found in the defendant's possession would, on this account, indicate that they were stolen by some one, yet the negativing of the fact that they were not given away, nor went out of their possession in the way that such articles could have gone, as indicated by the statement of the witness Green set out above, makes the proof of the corpus

delicti fall short of that salutary rule declared by the Supreme Court in the Smith Case, supra.

[3] One part of the state's testimony standing alone indicates that probably the articles found in the defendant's possession may have been stolen. Another phase of the state's testimony, indicates that these articles could have been legitimately secured by one from the company, and the testimony of the state, as a whole, does not show with that degree of proof that is necessary in such cases that these articles were stolen. As stated before, it was not incumbent on the defendant to explain his possession, until the state had shown him to be the possessor of stolen property. It was not incumbent on him to prove that these articles were given away by the company, nor that the conductor let some sick person have them, but it was on the state to prove they were, and not might have been, stolen. While in this case, and cases of like kind, it may work a hardship on the company to make such proof, yet a defendant's liberty is involved, and better to work a hardship or inconvenience on the company, than lessen the rule, which secures one's innocence, until his guilt is proven beyond a reasonable doubt.

The trial court erred in refusing the affirmative charge as requested by the defendant in writing, and on this account the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.