280 So.2d 820

James **BUCKLES**

v.

**STATE.**

I Div. 131.

Court of Criminal Appeals of Alabama.

Jan. 23, 1973.

Rehearing Denied Feb. 20, 1973.

---

## AFTER REMANDMENT BY THE SUPREME COURT OF ALABAMA

TYSON, Judge.

The anomaly now presented to this Court is that our reasons for reversal on original deliverance 50 Ala.App. 548, 280 So.2d 810, may not have been specified with sufficient certainty. However, as pointed out in the dissenting opinion of Mr. Justice Bloodworth, the modern authorities, according to the more recent cases, Haynes v. State, 45 Ala.App. 31, 222 So.2d 183 (1969); and Reed v. State, 47 Ala.App. 617, 259 So.2d 304 (1972), have clearly condemned use of the term *burden* of explaining possession of recently stolen goods inasmuch as to laymen on juries, they might easily confuse such with the lawful requirement of the burden of proof remaining with the State in order to establish the appellant's guilt. As stated on original deliverance, we felt the law, as found in Orr v. State, 107 Ala. 35, 18 So. 142, contained the most succinct statement of the rule. As is our duty and obligation, we bow to the Supreme Court's majority, 291 Ala. 352, 280 So.2d 814, with reference to this point.

However, our reversal is based upon other grounds which will be set out below. For the sake of accuracy, the complete part of the trial court's oral charge dealing with the buying, receiving, and concealing, or aiding in concealing of recently stolen property is as follows:

"The second count charges that he did knowingly buy, receive, or conceal stolen goods. That is an offense very akin to larceny. It involves a guilty knowledge, what we call a scienter—I think some of the law books call it a 'mens rea'—it is a guilty state of the mind that would not embrace an innocent person, but it is a person who, actually knowing or actually having reason to believe that they are stolen, nevertheless buys, receives or aids in concealing them. There is a case that defines that offense very well—[Ellis v. State] 182 So.2d [910] 912. It says: 'To sustain a charge of buying, receiving, concealing or aiding in concealing stolen goods, it must be shown that the property was stolen, that defendant bought, received, concealed or aided in concealing it knowing at the time that it was stolen, and not having the intent to restore it to the owner.' That is the guilty knowledge which is required in that offense.

"Now, ladies and gentlemen, from here on out let me see if I can go very slowly. The question arises—if I can adequately define some legal principles to you which involve the use of the word 'recent,' involve the use of the word 'possession,' and involve the use of the word 'infer'; and in order for all of you to understand the general law of this State, I am going to proceed to read to you statements taken from three or four law cases in this State:

"I'm reading to you a statement of Judge Cates from the case of Wildman v. State, 42 Ala.App. 357 [165 So.2d 396], which says this: 'The possession of recently stolen goods can support a verdict based on this fact as an inference of larceny. Also, it will support an inference of burglary if there is also proof of breaking and entering so connected in time as to permit the further inference that the

larceny was the product of the breaking and entering.' I know that is a very complex statement. He is saying this; that if the State has satisfied you beyond a reasonable doubt that this defendant was in possession—and lay aside for a minute the definition of possession, I'll get to it in a minute, but if the State has proven beyond all reasonable doubt that this defendant was in possession of property which had recently been the subject of a burglary that that possession would support an inference of a guilt of burglary if they were so connected in time. Now, let me see if the other cases are any clearer than that.

"I'm going to read you the Alabama decision of Judge Johnson from the Court of Appeals in the case of McLendon v. State, 216 So. 211 [sic]. He puts it this way—I'm trying to bring this to you from the viewpoint of some different Judges so that I won't give it to you incorrectly; he puts it this way; he says, 'The recent, actual, unexplained possession of stolen goods is a fact from which the jury may infer the complicity of the defendant'—complicity means involved or complicated—'whether it is sufficient evidence of guilt is a question for their determination. Whether the inference is reasonable, whether the facts satisfy the minds of the jury as reasonable men beyond all reasonable doubt of the guilt of the accused, is for the jury to determine.'

"Now, we have another statement in 36 Ala.App. 703 [63 So.2d 289], Hoggle v. State, which may be somewhat less involved; Judge Carr states that principle in this manner: 'It has long been the rule in this jurisdiction that recent possession of stolen property by the accused places upon him the burden of explaining this possession and if he fails to make a reasonable explanation' an inference of guilt may support a conviction.

"I'm not going to read this one—I'm not going to tell you that if—that if you found that the defendant was in possession of recently stolen property; I'm not going to tell you that that would create a presumption of his guilt, because it does not do it. But I am telling you that if he is found in the recent, unexplained possession of stolen goods, that would support an inference of his guilt in the burglary. Now, that is about as exact as I can make a very inexact legal principle.

"I am also going to quote you from what our Presiding Judge Price stated, 182 So. 2d 510, in the case of Ellis v. State; Judge Price states the law to be this; she left out the word 'recent,' and I'm going to put the word 'recent' in: 'The possession of recently stolen property places the burden upon the defendant to explain it, and his guilt may be inferred from such possession. The reasonableness of his explanation of his possession of such possession of such property is for the jury."

The rule applicable here was stated in State v. Hager, 12 N.C.App. 90, 182 S.E.2d 588 at 590, as follows:

"The charge contained in the record shows that in other portions the jury was correctly instructed with respect to the burden of proof. However, conflicting instructions upon a material aspect of a case must be held prejudicial error since it cannot be known which instruction was followed by the jury. Hardee v. York, 262 N.C. 237, 136 S.E. 2d 582; Hubbard v. Southern R.R., 203 N.C. 675, 166 S.E. 802."

Our reversal is predicated on three grounds, which are:

(1) As may be seen from careful examination of the above quoted portion of the trial court's oral charge, there is no explanation as to the manifest distinctions between the burden of proof being upon the State, and the burden of producing additional evidence, or burden of explanation, as it is sometimes known, being here given.

Coats v. State, 257 Ala. 406, 60 So.2d 261; Volume 22A C.J.S. Criminal Law § 573, page 318.

(2) We regard the explanation given in the above-quoted oral charge as confusing and misleading, and therefore erroneous.

(3) We find at the close these words, "Now that is about as exact as I can make a very inexact legal principle." We regard this part of the oral charge as confusing and misleading, and therefore prejudicially erroneous. See Lester v. State, 270 Ala. 631, 121 So.2d 110.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.

All the Judges concur.

