BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Appellant, in forma pauperis, appeals from a judgment of conviction for possessing heroin, contrary to law. A jury returned a verdict of guilt on defendant’s *112 plea of not guilty. The trial court fixed punishment at twelve years imprisonment in the penitentiary.
The offense of possessing heroin for which appellant was tried is a felony under the laws of Alabama, Act No. 1407, Acts 1971, p. 2378, T. 22, § 258 (Supplement) (29)(c)(10)(47).
Officer Lamar Hadden, employed by Alabama ABC Board for fourteen years as a law enforcement officer, whose duties for the last three years was “working drugs and whiskey,” testified as a witness for the State.
The officer testified that on October 31, 1974, about 10:30 P. M., while at home, received a long distance call from an informant in Miami, Florida, that a brother of Willie F. (Miami) Hart of Dothan, was en route to Dothan from Miami on a Greyhound bus with heroin in a suit-case, “ . business-man’s suit case”; that he was bringing it to his brother, Willie F. Hart in Dothan. The officer verified that the bus would arrive a few minutes after 12 o’clock on the morning of November 1, 1974.
This witness testified that he enlisted the help of some local officers, one of whom, accompanied by other officers, went to Mariana, Florida, where he boarded the bus to identify the defendant. This officer knew Willie F. Hart and identified the Hart from Miami by his favoring of his brother in Dothan.
When the bus arrived in Dothan, another officer was waiting at the exit door of the bus. The officer on the bus indicated to the officer waiting at the door which passenger was Hart; this waiting officer signaled the other officers who converged and one of them put defendant under lawful arrest.
After the arrest, the defendant told them that he did not have a key to the luggage he was carrying, thereupon the arresting officer pried it open with a screwdriver that was made available.
The luggage contained heroin according to the testimony of the arresting officer who testified as to his expertise in such identification. Through proper channels the powder was examined by a State toxicologist who also identified the powder as heroin.
Contention is here made as was in the trial court, that the search was illegal and that the trial court erred in overruling defendant’s objection to the introduction in evidence of the seized heroin because of search illegality.
The ABC officer, Lamar Hadden, who set up the arrest and search, testified that he did not have a search warrant and did not try to obtain one because of the lateness of the hour and the inaccessibility at the late hour of an officer authorized to issue such warrant; that the time element prevented him from obtaining the warrant; He further testified about prior experiences in failing to obtain a search warrant at a normal hour, so he proceeded without one to act on the information obtained over the telephone.
He further testified that his informer was reliable; that he acted on information on three prior occasions pursuant to the information obtained from their informer; that on each occasion the informer was correct and the defendants'were convicted.
The evidence we think fully established the existence of reasonable cause to sustain the officer’s arrest of defendant without a warrant of arrest. T. 15 § 154, Code of Alabama 1940, Recompiled 1958, authorizes such arrest. We quote:
“An officer may also arrest any person, without warrant, on any day and at any time, for any public offense committed, or a breach of the peace threatened in his presence; or when a felony has been committed, though not in his presence, by the person arrested, or when a felony has been committed, and he has reasonable cause to believe that the person arrested committed it; or when he has reasonable cause to believe that the person arrested has committed a felony, although it may afterwards appear that a felony had not in fact been committed; or on a charge made, upon reasonable cause, that the person arrested has committed a felony.”
*113 In the instant case the arresting officers had “reasonable cause” to believe that the defendant had committed a felony when he reached Alabama in the bus and a lawful arrest followed. The search that followed was lawful. The search was a lawful incident of the arrest. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, cert. den., 386 U.S. 1042, 18 L.Ed.2d 616, 87 S.Ct. 1474; Adams v. Williamson, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612; United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427; Tadlock v. States, 45 Ala.App. 246, 228 So.2d 859.
We hold that the trial court was free of error in overruling defendant’s objection to admitting the heroin in evidence.
We find no error to reverse. The judgment of the court pursuant to the jury’s verdict is affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge, Bowen W. Simmons, serving as a judge of this Court under § 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
The judgment of the trial court is hereby
AFFIRMED.
CATES, P. J., and TYSON, DeCARLO and BOOKOUT, JJ., concur.
HARRIS, J., concurs in the result.