BOWEN, Judge.
The defendant was indicted, tried and convicted of robbery. Sentence was life imprisonment.
With guns blazing, three armed and masked men rushed into the West Oxmoor Branch of City National Bank in Jefferson County on October 5, 1979. Two of the robbers jumped over a counter and forced the tellers to empty their money drawers into large plastic shopping bags printed with bright floral designs. The third robber stood guard over a male customer the robbers had shot in both legs when entering the bank.
Several packages of “bait money” were among the $36,410.00 stolen by the three men. Records of the serial numbers of this money were kept by the bank. The robbery was recorded on film and the jury was allowed to view the sequence. No witness in the bank at the time of the robbery could make an identification of the robbers because of the masks worn by the men.
The State’s evidence revealed that the three masked robbers fled the scene in a dark blue automobile which they later exchanged for a white Cadillac which had been stolen.
Based upon information obtained from a confidential and reliable informant and verified by his own independent investigation, on October 22, 1979, Birmingham Police Officer C. F. Trucks located the white Cadillac at the residence of the defendant’s uncle. Simultaneously, other officers arrested the defendant on an outstanding forgery warrant in an apartment in North Birmingham. After securing the stolen Cadillac, Sergeant Trucks went to the apartment where the defendant had been apprehended. Although the apartment was leased in the name of an unidentified female, the defendant was the only one found in the apartment. At the apartment, Sergeant Trucks observed “a hammer . . . with a white powder on it that appeared to be a plastic type substance, and numerous holes in the wall of said residence with rags stuffed in said holes.” Before any search was conducted Sergeant Trucks left the apartment and obtained a search warrant. He returned to the apartment and executed the warrant finding $3,189.00 inside the sofa cushions in the living room. Included among this money was some of the “bait money” taken in the robbery.
I
The defendant argues that the search was invalid because there was no probable cause to believe that the apartment searched was the residence of the defendant and that therefore there was no probable cause to believe that the defendant had hidden any contraband from the robbery in the apartment.
We have carefully examined the affidavit in support of the search warrant and find it was deficient in that the affiant did not state how the confidential informant learned of the defendant’s involvement in the crime. However, the information supplied by the informant was in such detail, and was verified by the independent inves-tigátion of Sergeant Trucks, that the magistrate could properly determine its veracity and reliability. Waters v. State, 360 So.2d 347 (Ala.Cr.App.), cert. denied, 360 Ala. 358 (Ala.1978); Hatton v. State, 359 So.2d 822 (Ala.Cr.App.) cert. quashed, 359 So.2d 832 (Ala.1977). Additionally, the finding of probable cause was based on Sergeant Trucks’ personal observation of the defendant in the apartment and the physical condition of that apartment. Bennett v. State, 46 Ala.App. 535, 245 So.2d 570 (1971).
The defendant argues that there was a lack of probable cause because there was insufficient evidence to prove that the defendant actually resided at the apartment. However, this argument is a non sequitur *314 —the conclusion does not logically follow from the given proposition. The fact that the defendant did or did not actually reside at the apartment is not determinative of the issue of probable cause to search that apartment. Indeed, the apartment could have been searched even if it were positively established that the defendant had never even been in the apartment; nor was it necessary to prove the defendant’s ownership or exclusive possession of the premises in order to justify a search of the apartment. Probable cause to believe that the stolen money could probably be found in the apartment existed because (1) the defendant was arrested in that apartment, (2) because Sergeant Trucks knew of his own personal knowledge that the defendant lived there, (3) because while at the apartment Sergeant Trucks observed the holes in the walls of the apartment, and (4) because of the presence of the hammer covered with a “white powder” it could be inferred that the holes had recently been made. As we said in Hatton, 359 So.2d at 829:
“The ‘probabilities’ implied by the term ‘probable cause’ are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Brinegar, supra [Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879]. Probable cause does not preclude all room for doubt nor need the officers be absolutely certain and positive that a crime is in the making.”
On principle and authority we feel quite certain in upholding the finding of probable cause made by the trial judge.
II
The defendant contends that the purely circumstantial evidence presented by the State failed to prove the commission by the defendant of the offense charged. It is true the nature of the State’s evidence was circumstantial, however, we do not agree that it was insufficient to warrant the conviction.
We have reviewed the evidence and find it to be such that the jury could have excluded every reasonable hypothesis except that of guilt beyond a reasonable doubt. Cumbo v. State, Ala.Cr.App., 368 So.2d 871, cert. denied, Ala., 368 So.2d 877 (1979). The jury could properly have inferred guilt from the unexplained possession of recently stolen property. Rice v. State, Ala.Cr.App., 365 So.2d 1007 (1978), writ denied, Ala., 365 So.2d 1010 (1979); Dickey v. State, 32 Ala.App. 413, 26 So.2d 532 (1946). We have determined that the evidence was sufficient to establish defendant’s presence at and possession and control of the premises in which the money was found. Compare Temple v. State, 366 So.2d 740 (Ala.Cr.App. 1979). There was no error in the court’s refusal to grant the defendant’s motion to exclude the evidence.
We have searched the record and found no error prejudicial to the substantial rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.