[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1192 
The defendant was indicted and convicted for receiving stolen property in the second degree. Alabama Code 1975, Section13A-8-16 (Amended 1977). Sentence was two years' imprisonment.
 I
The defendant contends that Section 13A-8-16 (b)(2) creates a new crime and unconstitutionally shifts the burden of proof from the State to the accused.
Section 13A-8-16 (b)(2) provides that if a person "(p)ossesses goods or property which have been recently stolen * * * this shall be prima facie evidence that he has the requisite knowledge or belief." In the crime of receiving stolen property, the "requisite knowledge or belief" is that the accused knows that the property has been stolen or has reasonable grounds to believe it has been stolen and does not have the intent to restore the property to the owner. Section13A-8-16 (a).
The inference[1] of guilty knowledge which may be drawn from the unexplained possession of recently stolen property is a "traditional common-law inference deeply rooted in our law."Barnes v. United States, 412 U.S. 837, 843, 93 S.Ct. 2357,2362, 37 L.Ed.2d 380 (1973); Malachi v. State, 89 Ala. 134,141-2, 8 So. 104 (1889). In dealing with the related concept that the unexplained possession of goods recently stolen is a fact from which the jury may infer that the possessor is guilty of larceny, Wigmore states that the "use of this sort of evidence goes back as far as any in our law." 1 Wigmore, Evidence, Section 152 (Chadbourn rev. 1981).
This inference comports with due process of law and satisfies the "reasonable-doubt standard" because the evidence necessary to invoke the inference is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt. Barnes,412 U.S. at 846, 93 S.Ct. at 2363. "There has never been any question on this." Wigmore, section 152. "There is no unfairness in the presumption; it is reasonable." Martin v.State, 104 Ala. 71, 78, 16 So. 82 (1893).
This evidentiary rule has been recognized by the Supreme Court of this state as "sound law." Buckles v. State, 291 Ala. 352,356, 280 So.2d 814 (1972). The doctrine is of "crucial" importance in "bringing about the conviction and punishment of guilty possessors of stolen goods" where *Page 1193 
direct evidence of actual knowledge or belief in the stolen character of the property is rarely going to be available.Buckles, supra.
A portion of the defendant's objection to Section 13A-8-16
(b)(2) lies in the fact that the statute omits the term "unexplained" in making the possession of recently stolen property prima facie evidence of the guilty intent and knowledge. At first reading, this argument would appear to have some merit as it is well settled that, whenever there is evidence tending to explain the possession, it is error to charge the jury that the possession of property recently stolen is prima facie evidence of guilt without the qualification "unexplained". Orr v. State, 107 Ala. 35, 39, 18 So. 142
(1895).
However, if the statute is examined carefully and strictly construed as criminal statutes must be, Robinson v. State,361 So.2d 1113 (Ala. 1978), the apparent omission of the term "unexplained" from the statute does not vitiate the inference or create any "new" crime as argued by the defendant.
The defendant's question of the statute is answered when the term "prima facie" is defined. This term has a definite and specific meaning. In view of the historical and common law existence, application and purpose of the inference itself, we must assume that the legislature was aware of that meaning in enacting the statute. Ex parte Vincent, 26 Ala. 145, 62 Am.Dec. 714 (1855). It is not disputed that the legislature may provide by statute that certain facts are prima facie evidence of other facts, providing reason and experience connect the ultimate fact inferred with the facts proved. Wells v. State,378 So.2d 747, 750 (Ala.Cr.App.), cert. denied, Ex parte Wells,378 So.2d 756 (1979). See Tolbert v. State, 294 Ala. 738, 321 So.2d 227
(1975); Ex parte Woodward, 181 Ala. 97, 61 So. 295 (1912);Aldridge v. State, 351 So.2d 656 (Ala.Cr.App.), cert. denied,Ex parte Aldridge, 351 So.2d 658 (Ala. 1977); Dees v. State,16 Ala. App. 97, 75 So. 645 (1917).
The term "prima facie evidence" has been defined by the courts of this state.
 "`Prima facie evidence' means that which brings about a measure of proof which, unless it is self contradictory or is contradicted by the defense, would support the jury's inferring the existence of one or more elements of a crime." Kizziah v. State, 42 Ala. App. 303, 305, 162 So.2d 889 (1964) (unexplained possession of part of a still prima facie evidence of violation of statute).
Briggs v. State, 375 So.2d 530, 534 (Ala.Cr.App. 1979); Stilesv. State, 55 Ala. App. 374, 376, 315 So.2d 609 (1975); Sheppardv. State, 49 Ala. App. 400, 272 So.2d 605 (1973); Cunningham v.State, 47 Ala. App. 730, 734, 261 So.2d 69 (1972).
In Tittle v. State, 252 Ala. 377, 379, 41 So.2d 295 (1949), it was held:
 "Prima facie evidence is `evidence which suffices for the proof of a particular fact until contradicted or overcome by other evidence.' * * * An inference or presumption of law, affirmative or negative of a fact, in the absence of proof, or until proof can be obtained or produced to overcome the inference. Black's Law Dictionary, 3d Ed., p. 700.
 "Ballentine's Law Dictionary defines the term as `such evidence as, in judgment of law, is sufficient to establish the fact; and, if not rebutted, remains sufficient for the purpose. In a legal sense, such prima facie evidence, in the absence of all controlling evidence, or discrediting circumstances, becomes conclusive of the fact.' P. 1009."
The defendant cannot argue that we have given the term a highly technical meaning rather than one that is natural, plain, ordinary and commonly understood. Webster's Third International Dictionary (1971) defines prima facie evidence: "evidence sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." The American Heritage Dictionary of The English Language (1969) defines it: "Evidence that would, if uncontested, establish a fact or raise a presumption of a fact."
Thus, the statutory inference does not create a new crime and authorize the *Page 1194 
conviction of an accused for receiving stolen property simply upon proof of the possession of recently stolen property as argued by the defendant.
This is merely a rule of evidence fixed by the legislature in its efforts to suppress crime. It simply fixes what will be prima facie evidence of a violation when certain facts have been proven. Little v. State, 27 Ala. App. 119, 120, 166 So. 618
(1936).
 "The unexplained possession, . . . looks to and calls on the possessor for an explanation of how he came by the recently stolen goods, for otherwise, an inference arises out of an incriminating circumstance from which the accused may be found guilty and convicted."
Buckles, 291 Ala. at 354, 280 So.2d 814.
See also Martin v. State, 104 Ala. 71, 78, 16 So. 82 (1893) (Possession of recently stolen property imposes on the possessor the "onus" of explaining the possession). "It is the `unexplained' recent possession of stolen property that authorizes the inference of guilt. Whether the explanation offered is credible or satisfactory is a question for the jury."Orr, 107 Ala. at 39, 18 So. 142.
The effect of establishing a prima facie case is stated inOgletree v. State, 28 Ala. 693, 702 (1856).
 "In a criminal case, the establishment of a prima facie case does not, as in a civil case, take away from the defendant the presumption of innocence, or change the burden of proof. A solid reason for the distinction is, the well known difference in the measure of proof in the two classes of cases. In a civil case, the plaintiff is not required to prove, beyond all reasonable doubt, the facts on which he relies for a recovery; and therefore, when he establishes a prima facie case, the burden of proof is thereby shifted, and the prima facie case so established entitles him to recover, unless it is destroyed by proof from the other party. But in a criminal case, the State is required to prove, beyond all reasonable doubt, the facts which constitute the offense. The establishment, therefore, of a prima facie case merely does not take away the presumption of innocence from the defendant, but leaves the presumption to operate, in connection with, or in aid of, any proofs offered by him to rebut or impair the prima facie case thus made out by the State. A circumstance, aided by that presumption, may so far rebut or impair the prima facie case, as to render a conviction upon it improper." (Emphasis in original)
"Prima facie evidence of guilt does not shift the burden of proof." Hurston v. State, 235 Ala. 213, 215, 178 So. 223
(1938). "Until the State proves, in the first instance, beyond a reasonable doubt, the facts which constitute the offense, the accused is not required to establish his innocence by exculpatory evidence." Segars v. State, 86 Ala. 59, 60,5 So. 558 (1888); Hodges v. State, 42 Ala. App. 147, 148,155 So.2d 533 (1963).
This statutory inference does not shift the burden of proof to the defendant. Coats v. State, 257 Ala. 406, 60 So.2d 261
(1952). See also United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971). There is a manifest distinction between the burden of proof and the burden of adducing evidence or the burden of explanation. Buckles, 291 Ala. at 357, 280 So.2d 814; C. Gamble, McElroy's Alabama Evidence, Section 444.01 (3rd ed. 1977). Even where a prima facie case is established, it is for the jury to determine whether there was sufficient evidence from which to infer guilt due to the unexplained possession of recently stolen property. Odom v. State, 44 Ala. App. 534,215 So.2d 596 (1968). Hale v. State, 45 Ala. App. 97, 225 So.2d 787, cert. denied, 284 Ala. 730, 225 So.2d 790 (1969); 9 Wigmore, Section 2513.
In proving a prima facie case in a criminal prosecution, all the State has done is fulfill its duty of proving the elements of the offense so that the jury may be allowed to consider its case. Vinet v. State, 38 Ala. App. 299, 83 So.2d 357, cert. denied, 263 Ala. 701, 83 So.2d 359 (1955); 9 Wigmore, Section 2494.
"(T)he practical effect of instructing the jury on the inference arising from the unexplained possession of recently stolen *Page 1195 
property is to shift the burden of going forward with evidence to the defendant." Barnes, n. 11, 412 U.S. at 846,93 S.Ct. at 2363. However, this is permissible. Barnes, supra. "The possession of property recently stolen does not raise a presumption or inference, as a matter of law, of the guilt of the possessor, but the presumption arising from such possession is a matter of fact to be passed on by the jury." Wilson v.State, 361 So.2d 1167, 1170 (Ala.Cr.App. 1978).
 "(I)t is error to instruct the jury, as matter of law, that it is their duty to convict a defendant who is found in the possession of goods recently stolen, unless he can explain his possession to their reasonable satisfaction. The weight to be given such evidence should be left to the jury, to be considered in connection with the other evidence in the case; and, unless the jury is satisfied from all the evidence beyond a reasonable doubt of the defendant's guilt, the jury should acquit." Thomas v. State, 109 Ala. 25, 27, 19 So. 403 (1895).
Upon the authorities cited above, we find the inference created by Section 13A-8-16 (b)(2) constitutionally sound and fundamentally fair.
 II
The defendant argues that the receiving stolen property statute is unconstitutionally vague and indefinite because it employs the term "recently stolen property." He contends this term is ambiguous, indefinite and incapable of precise definition.
In this regard, "the courts have uniformly adopted the view that `recent' is a relative term which depends upon all the facts and circumstances of each case and must be left for the determination of the trier of fact." Anno., 89 A.L.R.3d 1202, 1206 (1979). The question of what is recent is "usually one of fact for the determination of the jury." White v. State,72 Ala. 195, 200 (1882); Yielding v. State, 371 So.2d 951, 959
(Ala.Cr.App.), cert. denied, 371 So.2d 962 (Ala. 1979). "`Recent possession' must be determined from the facts of each case and may vary from a few days to many months." Buckles v.State, 50 Ala. App. 548, 552, 280 So.2d 810 (1972).
We have found no case, and have been cited none, where the term "recently" has been held to render a statute vague and unconstitutional. The inference of guilt arising from the unexplained possession of recently stolen property has been held to pass constitutional muster. Barnes, supra.
 III
The defendant's argument that the property in this case was not, as a matter of law, recently stolen is without merit.
In United States v. Underwood, 588 F.2d 1073, 1077 (5th Cir. 1979), it was held:
 "We have specifically declared that there is no set period of time during which property remains recently stolen for purposes of the presumption. Hale v. United States, 410 F.2d 147, 151 (5th Cir. 1969). Because it varies under the circumstances of each case, it is a question of fact for the jury. Id. Since the jury is to decide what constitutes recently stolen property for purposes of applying the presumption, we hold that it was not error for the court to fail to explicitly limit the application of the presumption to the charged offense."
In this case there was a period of approximately five and one-half months between the theft of the pistol and the time it was found in the defendant's possession.
Within the meaning of the rule allowing an inference of guilt from the defendant's possession of recently stolen property, the defendant's possession of a stolen gun three years from the date of the theft has been held to be "recent". Hardage v.State, 552 S.W.2d 837 (Tex.Cr.App. 1977). Whether possession of a pistol one and one-half years after the theft was recent was held to be a question for the jury in Yielding, supra. However, in People v. Taylor, 25 Ill.2d 79, 182 N.E.2d 654 (1962), the court found that the defendant's possession of a revolver more than four months after the robbery in which the gun was stolen was not such *Page 1196 
recent possession as to satisfactorily raise an inference of his guilt of the robbery. For other uses see 89 A.L.R.3d, Section 13.
It has been noted that the lapse of a long interval between the theft and the subsequent possession "opens a greater possibility of innocent explanations, and may prevent the raising of a presumption of law." Wigmore, Section 152. "(T)he presumption grows weaker as the time of possession recedes from the time of the original taking." Martin v. State, 104 Ala. 71,78, 16 So. 82 (1893). This concept has also been explained:
 "The more remote in time the possession stands to the time of the theft the less strong are the circumstances of possession.
 "Conversely, the sooner after the taking the more likely it is that the possessor is the thief. (citations omitted)."
 Bullock v. State, 54 Ala. App. 609, 610, 311 So.2d 332
(1975).
Here the fact that the defendant was found in possession of the stolen pistol approximately five and one-half months after the weapon had been stolen is not so long a time as to extinguish the inference of guilt arising from the unexplained possession of property recently stolen as a matter of law. This was a question of fact for the jury. Underwood, supra; White, supra; Yielding, supra.
In determining whether the possession was recent within the meaning of the rule there are other factors to consider in addition to the mere passage of time between the theft and possession. Other facts which should be examined are "the type and kind of property, the amount or volume thereof, the ease or difficulty with which it may be assimilated into legitimate trade channels, and the circumstances under which the property is alleged to have been acquired." 89 A.L.R.3d at 1214. See also Wood v. State, 18 Ala. App. 654, 655, 94 So. 256 (1922) (Jury may consider "the character of the merchandise, the unusual manner in which they came into his possession, his evasive statements concerning them, together with the attending surrounding circumstances.")
In a statement to the police following his arrest, the defendant stated that he received the pistol in partial payment for some "body work" he had done. He refused to give the name of the individual from whom he had received the weapon. Initially, he told the officers that he had received the pistol on a date prior to the theft but when informed of this fact he said he made a mistake on that date and changed it to a date after the theft.
At trial the defendant stated that Red Dawkins gave him the pistol as partial payment for some body work the defendant had performed on Dawkins' automobile. The defendant produced an estimate of repairs dated "12/20/81" which he testified should have been dated "12/20/80". He testified that Dawkins picked up his car and gave him the pistol sometime in February, about six weeks later. On rebuttal, the State proved that Dawkins died on the 8th of January, 1981.
Under these circumstances we are unwilling to hold as a matter of law that the possession was too remote to support an inference of guilt. Under the facts of this case, the question of recency was one for the jury. We make this determination with due regard for the considerations stated in Hale v. UnitedStates, 410 F.2d 147, 150 (5th Cir. 1969) and United States v.Robertson, 417 F.2d 873, 877 (5th Cir. 1969).
 "The inference allowed by unexplained possession is a powerful one. It is a substitute for direct proof of guilty knowledge and courts, both trial and appellate, should proceed with extreme care in determining whether the evidence sufficiently establishes a basis for the inference. Cautious vigilance must be maintained against the employment of naked legal principle in a factual setting which provides no reasonable basis for the principle's application. On the other hand, the jury must not be unduly inhibited in its search for truth; it must be permitted to draw fair and reasonable inferences from credible evidence."
(Emphasis in original) *Page 1197 
Hale, 410 F.2d at 150.
 IV
The defendant's contention that the State failed to prove that the pistol had actually been stolen when he received it is without merit.
To sustain a charge of receiving stolen property, the State must prove that the property has been previously stolen. However, this and all elements of the crime need not be proved by direct evidence. The corpus delicti "may be proven by facts and circumstances from which the jury may infer that the offense has been committed." Tanner v. State, 37 Ala. App. 256,261, 66 So.2d 827 (1952), cert. granted, 259 Ala. 306,66 So.2d 836 (1953).
 "To sustain the charge of a felonious taking, it is not required that it be proved when, where or by whom the goods were stolen. It is sufficient if the evidence introduced affords an inference of the larceny of the goods. McKee v. State, supra (24 Ala. App. 175, 132 So. 68); Hester v. State, 103 Ala. 83, 15 So. 857; Smith v. State, 133 Ala. 145, 31 So. 806. "The State's evidence that the property listed in the indictment had disappeared from the home of the owner without her knowledge or consent, was sufficient to authorize the jury to infer that the goods were stolen by some person."
Tanner, 37 Ala. App. at 261, 66 So.2d 827. See also Waters v.State, 360 So.2d 358 (Ala.Cr.App.), cert. denied, Ex parteWaters, 360 So.2d 367 (Ala. 1978); Buckles, 50 Ala. App. 548,280 So.2d 810, reversed, 291 Ala. 352, 280 So.2d 814 (1973), on remand, 50 Ala. App. 552, 280 So.2d 820 (1973), affirmed,291 Ala. 359, 280 So.2d 823 (1973); Coates v. State, 36 Ala. App. 371, 56 So.2d 383 (1952); Tyler v. State, 18 Ala. App. 546,93 So. 288 (1922).
All of the necessary ingredients or elements of the crime of receiving stolen property "may be, and most of them usually are, shown by circumstantial evidence, from which the jury, using their everyday common sense and observation, must draw their conclusions." Tyler v. State, 17 Ala. App. 495, 496,86 So. 93 (1920).
Under these authorities, the State's evidence that the pistol was "shoplifted" from a pawn shop is sufficient to show that the property was stolen.
 V The arguments that the trial court erred by failing to charge the jury on receiving stolen property in the third degree (Section 13A-8-19) and gave an erroneous instruction on the inference which the jury may draw from the unexplained possession of recently stolen property have not been preserved for review. Thompson v. State, 405 Ala. App. 717 (Ala.Cr.App.), cert. denied, 405 So.2d 721 (Ala. 1981); Barclay v. State,368 So.2d 579 (Ala.Cr.App.), cert. denied, 368 So.2d 581 (Ala. 1979); Alabama Code 1975, Section 12-16-13. VI
The defendant contends that the police had no probable cause to arrest him and seize the weapon from his back pocket. We find this particular search and seizure to be legal. We do not decide the issue of the subsequent search of the trunk of the defendant's automobile.
While the Attorney General has admitted in oral argument that the search of the defendant's silver Granada could not be justified under the warrant particularly describing a green Chevrolet as the place to be searched, the pat down of the defendant's person was lawful as a search incident to a lawful arrest. Here the officers had probable cause to arrest the defendant based upon the information they had received from a reliable informant and their verification and corroboration of that information. Rickman v. State, 361 So.2d 28 (Ala. 1978);Williams v. State, 401 So.2d 312 (Ala.Cr.App. 1981); Hatton v.State, 359 So.2d 822 (Ala.Cr.App. 1977), cert. quashed,359 So.2d 832 (Ala. 1978). See also Thomas v. State, 342 So.2d 405
(Ala.Cr.App.), cert. denied, Ex parte Thomas, 342 So.2d 407
(Ala. 1976); Hart v. State, 337 So.2d 111 *Page 1198 
(Ala.Cr.App. 1976); Cook v. State, 56 Ala. App. 250,320 So.2d 764 (1975); Miller v. State, 53 Ala. App. 213, 298 So.2d 633, cert. denied, 292 Ala. 741, 298 So.2d 639 (1974); Tadlock v.State, 45 Ala. App. 246, 228 So.2d 859 (1969).
The limited "frisk" or "pat-down" of the defendant was lawful. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889 (1968). We have previously recognized that it "`is generally known by the police and others that those who traffic in large quantities of narcotics are often armed', and the `mere presence of a person or persons in such an environment presents that reasonable suspicion and belief, which gives rise to sufficient and legal justification to frisk all present for weapons.' People v. Finn, 73 Misc.2d 266, 340 N.Y.S.2d 807, 816
(1973)." Travis v. State, 381 So.2d 97, 101 (Ala.Cr.App. 1979), cert. denied, 381 So.2d 102 (Ala. 1980).
The defendant has been well represented by competent and experienced counsel both at trial and on appeal. Our review of the record and the issues presented convinces us that the defendant received a fair trial and that the judgment of the Circuit Court should be affirmed.
AFFIRMED.
All Judges concur.
 ON REHEARING
On application for rehearing the defendant argues that the principle we enunciated in Bowen v. State, 406 So.2d 1077
(Ala.Cr.App. 1981), was violated when Phenix City Police Officer Johnny Arrington was allowed to state, before the jury, the hearsay information he was given by an informant in order to obtain the search warrant. We agree.
The Attorney General admits that this was error. Bowen;Satterwhite v. State, 364 So.2d 359 (Ala. 1978); Tierce v.State, 396 So.2d 1090 (Ala.Cr.App. 1981). However, the Attorney General argues that this constitutes only harmless error because the information did not name or pertain to either the defendant or the place searched, did not constitute evidence on a fact in issue or evidence of the defendant's guilt, and did not attribute any criminal conduct to the defendant. The hearsay information contained no "definite complaints of a particular crime by the accused." Small v. State,348 So.2d 504, 507 (Ala.Cr.App.), affirmed, 348 So.2d 507 (Ala. 1977). The record clearly shows that when the police obtained the search warrant they were looking for one Della Nickerson and did not know or even suspect that the defendant or the automobile in which he arrived would be involved. The hearsay information simply was not concerned with the defendant or his conduct.
Additionally, defense counsel stated that he had no objection to the introduction of the search warrant. A comparison of Officer Arrington's affidavit in support of the search warrant and the search warrant itself shows that, except for the description of the automobile which is contained in the affidavit but not the warrant, the information contained in the warrant is substantially identical to that contained in the affidavit. Consequently, we find that the admission of the hearsay evidence constituted harmless error. Rule 45, A.R.A.P.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All Judges concur.
[1] Although many cases use the term "presumption" of guilt growing out of the unexplained possession of recently stolen property, the later cases use the term an "inference" of guilt.Buckles v. State, 291 Ala. 352, 353-4, 280 So.2d 814 (1972).