I agree with the Court's reversal of the Court of Criminal Appeals' judgment in this case because McNish's counsel undoubtedly preserved the issue of the sufficiency of the evidence through both oral and written objections. In the oral objection, made at the close of the State's case, McNish's counsel argued that "the State has not proven the case beyond a reasonable doubt . . . ." Likewise, the written motion for a judgment of acquittal, made at the close of all the evidence, contended that "the evidence is insufficient to support a finding of guilt beyond a reasonable doubt." In my opinion, both of those objections were sufficient to preserve for appellate review the sufficiency-of-the-evidence issue.
The Court of Criminal Appeals seems to be making a distinction between sufficiency of the evidence as related to the State's prima facie case and sufficiency of the evidence to support a finding of a defendant's guilt beyond a reasonable doubt. "In proving a prima facie case in a criminal prosecution, all the State has done is fulfill its duty of proving the elements of the offense so that the jury may be allowed to consider the case." Eldridge v. State, 415 So.2d 1190, 1194
(Ala.Crim.App. 1982). If the State fails to prove its prima facie case, then obviously it has not presented enough evidence to support a finding of guilt beyond a reasonable doubt. "Until the State proves, in the first instance, beyond a reasonable doubt, the facts which constitute the offense, the accused is not required to establish his innocence by exculpatory evidence." Segars v. State, 86 Ala. 59, 60, 5 So. 558
(1888). That the State allegedly had not proven its case beyond a reasonable doubt is exactly the objection McNish's counsel made both at the close of the State's case and at the close of all the evidence. The objections were simply a more explicit way of stating that the State had not proven its prima facie case. Therefore, the distinction made by the *Page 1202 
Court of Criminal Appeals in this case is a false one; McNish properly preserved the issue of the sufficiency of the evidence through her counsel's objection and her motion for a judgment of acquittal.